In the Matter of Twin Elm Management Corporation, Landlord, against Samuel Banks, Tenant.

Municipal Court of New York, Borough of Queens, December 7, 1943.

*Seymour C. Simon* for landlord.

*Herman Wollitzer* for tenant.

Crawford, J. This is a summary proceeding in which the landlord seeks to recover possession of apartment 5C in premises No. 84-49 Elmhurst Avenue, Elmhurst, New York, occupied by Samuel Banks, tenant, and his family.

The petition of the landlord alleges that the tenant has become objectionable by reason of the fact that the tenant or members of his family play the piano continuously during the early morning hours, during the entire day and early evening, to the annoyance and discomfort of other tenants and in such a manner as to become a nuisance. The neighbors called as witnesses by the landlord testified that the noise emanating

from the tenant's apartment consisted primarily of thumping sounds and repetitious playing of the scales throughout the day and that they heard nothing that resembled a complete musical composition. The substance of the neighbors' testimony was that it was the dull, monotonous, repetitious playing, usually associated with the practice efforts of a young novice piano student, coupled with the fact that it continued each day for a twelve-hour period.

The testimony offered on behalf of the tenant discloses that the tenant's daughter, Hilda Banks, is the only occupant of the apartment using the piano. The oral and documentary evidence shows that the said daughter is sixteen years of age and has played the piano since she was seven. She apparently is a concert pianist of note, having given recitals in several eastern cities and has also been a pupil of outstanding pianists in the musical world. The tenant's witnesses deny the complaints of the landlord and assert that the piano is in use only at reasonable hours during the day and is played only in a reasonable and usual manner.

The lease contains a stipulation by the landlord, permitting the piano-playing during certain reasonable hours.

The court is not unmindful of the fact that continuous piano practicing can become nerve racking, particularly to elderly persons and those with a nervous temperament. Apartment-house living in a metropolitan area is attended with certain well-known inconveniences and discomforts. The peace and quiet of a rural estate or the sylvan silence of a mountain lodge cannot be expected in a multiple dwelling. Mutual forbearance and the golden rule should, but unfortunately in many cases do not, act as the yardstick for the conduct of tenants in apartment houses. Reasonable consideration of the comforts of neighbors should be exercised by the occupants.

In this proceeding, the landlord knew that the tenant would use a piano, in view of the stipulation in the lease.

On this record, I cannot find that the piano-playing was exceptionally loud or noisy or that the piano was used at unreasonable hours. To constitute a nuisance, the use of one's property must be unwarrantable, unreasonable or unlawful to the annoyance, inconvenience, discomfort or damage of another. Mere annoyance in and of itself does not create a nuisance or make the tenancy of the occupant undesirable. Of necessity, the practice work of a talented pianist would require some finger-exercising on the keyboard together with the playing of musical compositions.

I find and decide that the landlord has failed to sustain the allegations of the petition. The petition is, therefore, dismissed.