IDA M. HIXSON, Landlord, *v.* J. CAMPBELL LEONARD, Tenant.

Municipal Court of the City of Syracuse, November 17, 1945.

*Frederick W. Fuess, Jr.,* for landlord.

*Robert G. Conklin* for tenant.

McCLUSKY, J. This is a summary proceeding brought to evict the tenant upon the ground of nuisance.

The number of proceedings brought in this court on the ground of nuisance warrants a re-examination of the nature of the claim and the extent to which it may be carried. The Rent Regulation for Housing (8 Fed. Reg. 14663), promulgated by the Office of Price Administration under the authority vested in it by the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 et seq.), forbids the removal of a tenant except under certain conditions. One of the grounds for removal is set forth in paragraph (3) of subdivision (a) of section 6 of the Regulation (8 Fed. Reg. 14667) as follows: "The tenant * * * is committing or permitting a nuisance or is using or permitting a use of the housing accommodations for an immoral or illegal purpose * * *." Under a subsequent subdivision of the same section appears subdivision (e) which provides as follows (8 Fed. Reg. 14668): "No provision of this section [i.e., § 6] shall be construed to authorize the removal of a tenant unless such removal is authorized under the local law." This court has held heretofore that the Rent Regulation is a limitation upon but not an extension of the rights conferred under article 83 of the Civil Practice Act. (*Spire* v. *Doctor,* 183 Misc. 853.)

Such being the case, any rights which the landlord has, are to be gauged and measured by sections 1410–1447 of the Civil Practice Act. Subdivision 5 of section 1410 lists a number of instances which constitute a nuisance. Section 1417 amplifies some of the grounds set forth in the section previously mentioned. Sections 26 and 39 of the Public Health Law describe another category classified as nuisance or causes of danger or injury to life and health within the municipality. They come within the purview of section 1410. Certain other laws, such as the Penal Law, Multiple Dwelling Law, Conservation Law, Agriculture and Markets Law, Tenement House Law, and others classify or define other nuisances, which may be grounds for removal of a tenant. But it should be noted that nowhere is there granted the right to removal upon the ground of annoyance, inconvenience or incompatibility of temperament of either tenant or landlords, or a classification of such acts as nuisances.

In the case at bar testimony was offered as to slamming of doors in the house and in the garage. There is no evidence of willfullness bordering on breach of the peace or disorderly conduct. The house is an old one and as appears from the landlord's evidence the floor construction is such that the voices

can be heard upstairs distinctly without effort at eavesdropping. " Where people indulge their inclination to be gregarious they must not expect the quiet that belongs to solitude." (*Pool* v. *Coleman,* 8 Daly 113, 118.)

Accordingly that evidence falls far short of showing a nuisance. Under the same condemnation comes the evidence with reference to cats. No testimony at all was adduced as to failure to pay rent promptly or mistreatment, when the landlord sought to collect the monthly rent.

The main stress was placed upon an incident occurring on the 15th day of September, 1945. The police in response to a call sent by one of the landlord's witnesses visited the tenant on that day. No arrest was made, no proceedings instituted. Nothing of a criminal nature was found. Passing the question for the moment as to whether or not a single incident constitutes a nuisance, there was no illegal or immoral act committed. There is a very large and reasonable doubt as to whether or not any brutality was inflicted upon the tenant's father. The tenant is a little hard of hearing and his father is very deaf. Talking louder than ordinary is a necessity, if any conversation is to be carried on.

The testimony as to swearing, cursing and use of profanity falls far short of the requirements to be met to constitute a person a disorderly person under section 899 of the Code of Criminal Procedure. The evidence submitted does not warrant eviction of the tenant upon the ground of nuisance.

Proceedings dismissed.