Metropolitan Life Insurance Company, Landlord, Respondent, v. Arthur L. Moldoff et al., Tenants, Appellants

Supreme Court, Appellate Term, First Department, July 11, 1946.

*Milton W. Levy* for appellants.

*Meyer W. Greenwald* and *Eugene M. Tuch* for respondent.

Eder, J. The landlord instituted this summary proceeding alleging that the term of the tenancy had expired and that the tenants (who are husband and wife) hold over and continue in possession of the premises after the expiration of the term, without the consent of the landlord. The tenants and their children occupy an apartment in what is called the landlord's " Parkchester Development ".

The petition contains the allegation " That this proceeding is pursuant to O.P.A. Regulations, Sec. 6 (a) (3) (i) and Sec. 6 (a) (3) (ii)." Annexed to the petition and made part thereof, is a letter from the landlord to the tenants, which among other things states: " The landlord is proceeding under Section 6 (a)

(3) of the O.P.A. Rent Regulations, on the ground that you have violated a substantial obligation of your tenancy and have failed to cure such violation, after receipt of due notice in writing. The violation complained of is permitting and committing nuisance.''

The answer of the tenants was, in effect, a denial, and as a separate defense pleaded that the petition is fatally defective in that it fails to set forth '' the facts '' upon which the present proceeding may be instituted, and further alleged that the allegation that the proceeding is brought pursuant to Office of Price Administration Regulations is a mere conclusion of law. At the trial a motion was made to dismiss the petition for jurisdictional insufficiency and was denied and exception taken.

While the briefs speak of other matters with respect to nuisance and violation of the terms of the lease, upon this appeal the basic proposition presented regarding the claim of nuisance is respondent's claim that it has been shown to exist in the fact that the wife attempted suicide on June 28, 1945, and that there is danger of a repetition, with possible injury to other persons in the building, and that this possibility constitutes nuisance, viz., '' It is the threat or danger of a repetition of such attempt — or of any other possible manifestation of an irrational mind — that constitutes the nuisance.''

It appears that following childbirth she became mentally depressed and attempted suicide by means of inhaling illuminating gas which she had released in the kitchen of the apartment. Fortunately, the attempt failed; she later took medical treatment for her ailment and the undisputed medical proof is that she has fully recovered and that there is no likelihood of recurrence.

The trial judge wrote no opinion but from the fact that he awarded a final order to the landlord, the assumption is that he viewed, as correct, the landlord's contention that the threat or danger of a possible repetition of such attempt constitutes a nuisance.

The question is a novel one but, in my opinion, is simple of solution.

As a general rule, a nuisance is a conscious and deliberate act and involves the idea of continuity or recurrence; '' some degree of permanence is an essential element of the conception of nuisance '' (*Ford* v. *Grand Union Company*, 240 App. Div. 294, 296).

'' No rule can be framed which will accurately define what acts or facts will constitute a nuisance in every possible con-

tingency. Each case must be decided on its own peculiar facts.
* * *

" Things merely disagreeable, which simply displease the eye, or offend the taste, or shock an over-sensitive or fastidious nature, no matter how irritating or unpleasant, are not nuisances." (*Demarest* v. *Hardham,* 34 N. J. Eq. 469, 474.)

The case at bar must be decided, bearing in mind the rules so aptly expressed.

An isolated instance of an attempt at self-destruction cannot be classified as a nuisance even though it might have endangered others. Another situation would be presented if it was shown that the tenant was continuously attempting suicide through means which might endanger the lives or property of others or interfere with their comfort and enjoyment; but I do not see that a single attempt, in a moment of despondency, can be held to be a nuisance, having due regard to the true meaning and the numerous definitions of that term. This is admitted by the respondent, for in the brief of its counsel it is said: " In the case at hand, it is not the known instance of attempted suicide, on June 28, 1945, that is the nuisance."

A distinction or exception is attempted to be drawn in that " It is the threat or danger of a repetition of such attempt * * * that constitutes the nuisance."

It is unpersuasive, for it is a pure indulgence in conjecture and is not a condition shown to rest in fact, and disregards the elements of continuity and permanence. A possibility may never eventuate into actuality or fact. Nuisance is a condition which must be shown to exist in fact and may not rest in speculation.

It is my view and conclusion that a mere isolated instance of an attempt at self-destruction is not and does not constitute a nuisance within the accepted and recognized meaning and definition of that term and that there was, therefore, no basis which warranted or authorized the institution and maintenance of this proceeding and that the final order was erroneously granted to the landlord.

For the reasons stated, the final order appealed from should be reversed, with $30 costs, and the petition dismissed, with costs.

HAMMER, J., concurs; McLAUGHLIN, J., concurs in the following memorandum: I concur in result.

Order reversed, etc.