ANDREW DI LELLA, Landlord, *v.* ROBERT O'BRIEN, Tenant.

City Court of Albany, November 25, 1946.

*Andrew A. Padula* for landlord.

*Leon S. Brumer* for tenant.

HERZOG, J. This is a summary proceeding to dispossess. To bring the case within the Office of Price Administration Regulation, the landlord alleges a violation of paragraph (3) of subdivision (a) of section 6 of the Rent Regulation for Housing (10 Federal Register 11667), in that the tenant is committing a nuisance. It is apparent that there is considerable confusion in the minds of attorneys as to the proper method of bringing summary proceedings where the tenant is committing a nuisance, since this is not one of the grounds specified in section 1410 of the Civil Practice Act. It may clear up this confusion if I state the method used in this case. The landlord terminated the monthly tenancy by giving notice under the Real Property Law (in this case § 232-b) and then brought this proceeding against the tenant as a holdover. At the same time, he alleged the commission of a nuisance by the tenant, thus bringing the case within the Office of Price Administration Regulation. The service of proper notice to terminate the tenancy was admitted at the commencement of the trial.

The sole question for my consideration is whether or not the tenant committed a nuisance within the meaning of the word, as used in the regulation. As landlords attempt, by every possible way, to remove tenants at this time, there has been an increas-

ing number of nuisance cases before this court. Therefore, a consideration of the applicable rules seems appropriate.

A review of the few reported authorities in New York shows that only in the case of *Metropolitan Life Ins. Co.* v. *Greenberg* (185 Misc. 122) was a tenant removed under this section. This involved a continued violation of parking regulations made by the landlord. In the following cases, petitions were dismissed: *Hixson* v. *Leonard* (186 Misc. 379), *Metropolitan Life Ins. Co.* v. *Moldoff* (187 Misc. 458) and *Metzger* v. *Hecht* (187 Misc. 399).

None of these authorities specifically define the meaning of "nuisance." The Official Interpretations of the Office of Price Administration leave the question to the determination of the local court. "Whether conduct such as that just described constitutes a nuisance is for the local court to decide should the landlord file an eviction action based upon Section 6 (a) (3) (ii) of the rent regulations. Section 6 (a) (3) (ii) contemplates that a tenant may be evicted if he is committing or permitting a legal nuisance and the decision of this issue depends upon the law of the jurisdiction concerned." (Official Interpretations, issued March 3, 1944.)

Does this mean that a tenant can be removed only for such a nuisance as would warrant a prosecution under the statutes which are listed in *Hixson* v. *Leonard* (*supra*, p. 380)? I think not. It should be noted that these interpretations go on to state as follows: " Questions have arisen concerning the eviction of a tenant who over a period of time has conducted himself in a manner which is objectionable to other persons living in the same building. Where under all the circumstances the tenant's conduct is wholly unreasonable, and interferes substantially with the comfortable enjoyment by other persons, of normal sensibilities, of premises which they occupy in the same building, it is not the purpose of Section 6 of the rent regulations to protect the possession of the tenant. * * * Consideration will be given to the fact that, in a structure housing a number of people, the normal use of the premises by one occupant may interfere to some extent with the comfortable enjoyment of the premises by another. It must appear, therefore, that the tenant's conduct is such as persons of normal sensibilities should not be expected to endure."

Some rule must be stated for the guidance of landlords and tenants. It is my opinion, in view of the above-cited authorities and the Official Interpretations, that under the regulation, tenants are bound to a rule of reasonable conduct, taking into consideration the housing accommodations, the environment, the

neighborhood, the size of the family, and the ordinary conduct of people living under the conditions in question. The application of this rule requires recognition of the acute housing shortage but it also demands that the tenant conduct himself as a reasonable person over a period of time, having regard to the comfortable enjoyment of the premises by others. Isolated instances of misconduct will not suffice but a continued or frequent violation of this rule will be sufficient. (*Metropolitan Life Ins. Co.* v. *Moldoff, supra.*) It is not necessary for the landlord to prove the tenant guilty of such acts as would warrant criminal prosecution under appropriate statutes, but it does require that he prove the tenant is not conducting himself within the above rule. I realize that this still makes each case dependent upon its own facts, but I trust it may be of some assistance in the future decisions of these cases.

The testimony in this case revealed that on three occasions the landolrd was required to summon the police because the tenant and/or his wife was noisy, intoxicated, quarreling and fighting at a late hour in the evening. Although no action was taken by the police because the disturbance had subsided by the time they arrived, it is significant that they were summoned on three different occasions. In addition, there was evidence showing that on a number of occasions there was considerable noise and profane language on the part of the tenant's wife, who apparently came home intoxicated quite often in the early hours of the morning. She was quoted as saying, at one of these times, " Let the damn ' Wops ' call the Police now if they want to." These actions continued over a period of some time. It is my opinion that the tenant did not act as a reasonable man and has committed a nuisance as comprehended by the regulation. Some evidence was given to show the state of repair of the premises. I think that that, in itself, would have been insufficient to constitute a nuisance.

Final order is granted in favor of the landlord. Execution of the warrant is stayed to January 5, 1947.