**BECK et al. v. BECHTEL HOTELS, Inc.**

**Nos. 887, 888.**

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 13, 1950.

Decided March 22, 1950.

Rehearing Denied April 13, 1950.

Richard L. Merrick, Washington, D. C., for appellants.

Joseph W. Wyatt, Washington, D. C., with whom Samuel C. Caldwell, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, CLAGETT, Associate Judge, and QUINN, Associate Judge, the Municipal Court for the District of Columbia, sitting by designation.[1]

CLAGETT, Associate Judge.

This appeal results from an effort to evict two sisters from occupancy of two rooms in the Stratford Hotel. A verdict in favor of the hotel and against the two sisters was awarded by a jury in the trial court and from the judgment on that verdict they prosecute this appeal.

The hotel was constructed in 1930 and organized on what was called a "semi-cooperative" basis in that a certain amount of the financing was done by the sale of stock to men and women, mostly employed by the government. It was represented in a prospectus that "Each person purchasing 3 shares of stock in the Corporation, at $100 per share, will be entitled to the continuous and exclusive *occupancy* of a designated room, selected at the time of making subscription, at a materially reduced rate, *subject only to the rules and regulations to be established by the Corporation covering the payment of rent and the conduct of the guests.*" (Emphasis supplied.) The two appellants purchased the requisite shares of stock and have occupied the same rooms in the hotel ever since.

Shortly after the opening of the hotel, the original owning and operating corporation promulgated rules and regulations which provided, so far as relevant here, that all complaints and requests for service should be made directly to the clerk on duty or to the management and should not be made indirectly through elevator boys, maids and similar employees, and that all complaints shall be made "in a proper manner, time and place, so as not to cause embarrassment to the Hotel Management or other guests." Another regulation prohibited all cooking in the rooms and the use of any electric appliances (the rooms not being wired for electric appliances). The rules and regulations also prohibited marring or defacing of any hotel property. Subsequently a new corporation leased the entire premises from the owning corporation and employed a new manager. The new management posted new rules and regulations, which were for all practical purposes the same as the original ones.

Appellants had trouble with the new management and particularly with the new manager. They left in their rooms written notes, mostly directed to the maid, on a variety of subjects, such as requests for more towels, for new bath mats, for more heat, etc. According to the management, they also rang the elevator bells for long periods if the elevator did not respond immediately. The management also introduced evidence indicating that at least one

1. Code 1940, Supp. VII, § 11—771.

of the sisters had cooked in her room. One of the chief complaints against one of the two sisters—but not against the other—was that she wrote to the president of the owning corporation that the manager of the operating corporation was permitting lewd women in the hotel and made other statements which were described as libeling the operating corporation and its president. Various other miscellaneous complaints were made against the two sisters, such as that they had propped open a fire door which was supposed to be kept closed, had indulged in gossip, and had broken other rules and regulations.

Appellants assign a large number of errors having to do with the admission of evidence, the giving of instructions to the jury, and erroneous rulings on questions of law. In the view that we take of the case, however, only two principal questions require discussion.

The first of these has to do with the contention of appellants that the arrangement between the landlord and the tenants constituted a lease, that the rules and regulations were covenants and not conditions and embodied no provisions for the forfeiture of the lease, and hence that the landlord's only remedy was a suit for damages rather than one for eviction.

■■ We do not agree with this contention. We do not think that the arrangement between the parties constituted a lease. Contracts, where possible, are to be given their ordinary meaning, and here it seems clear that the tenants who purchased stock gained no estate in the land.[2] They did not even agree to occupy the rooms. They were given the privilege of occupancy on a month to month basis at a fixed rental, but such right of occupancy was specifically coupled with and made subject to the rules and regulations. Any serious infraction of the rules and regulations by the tenants gave the right to the management to end the right of occupancy. This was the interpretation of the contract given by the trial court, and we find no error in such construction. We think, too, that the trial judge correctly instructed the jury that any serious infraction of the rules and regulations would constitute a violation of an obligation of the tenancy within the meaning of the District of Columbia Rent Act.[3]

■■ We do not agree, however, with the instructions given to the jury on the subject of libel. On this point the jury in effect was given a separate libel case to decide. They were instructed as to what constituted libel and as to what constituted privileged communications between a stockholder and his corporation. Such instructions have a place in the libel action, which we understand has been filed in the United States District Court. They have no place in this case. To a degree these instructions were mixed with others regarding that part of the rules and regulations providing that complaints should be made in an orderly manner and directly to the management. An effort was made also to restrict these instructions to the case against the one appellant who had actually signed the letters to the owning corporation. Instructions to juries, however, must be read as a whole, and we have concluded that the instruction on libel can not be separated from the remainder of the charge, and that the instructions regarding each appellant were so interwoven that the giving of this instruction constituted prejudicial error as to both.

Reversed with instructions to award a new trial.

---

2. Tamamian v. Gabbard, D.C.Mun.App., 55 A.2d 513.

3. Code 1940, Supp. VII, § 45—1605 (b) (1) (a). Cf. Mendoza v. Syme, 184 Misc. 98, 53 N.Y.S.2d 390.