## REESE v. WELLS.
### No. 911.

Municipal Court of Appeals for the
District of Columbia.

Argued May 10, 1950.

Decided June 12, 1950.

Jo V. Morgan, Jr., Washington, D. C., for appellant.

Herman Miller, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Charging that a tenant was committing a nuisance [1] by creating a fire hazard in her apartment, appellee-landlord sued for possession of the apartment. The case was tried to a jury and resulted in a verdict for the landlord. Tenant appeals.

The complaint on which the action was brought charged specifically that "the defendant is creating a nuisance by permitting a fire hazard in that she permits the gas stove to remain lighted *and leaves the premises*, and endangers the life and property of the other occupants of the apartment building." [Italics supplied.]

Although the landlord in an affidavit filed before trial [2] stated that "the nuisance complained of herein has occurred at least four times and not once as averred to by the defendant," there was, at the trial, proof of only a single instance in which the tenant absented herself from the apartment while the stove remained lighted. On that occasion, according to the agreed statement of proceedings and evidence, food on the stove burned and firemen were summoned to investigate the smoke-filled premises. Evidence was also introduced, over objection, that the tenant on at most three other occasions, *while present in the apartment*, "had forgotten to turn off her gas stove and had burned food, causing smoke and odors which were detected in other parts of the building by other tenants who complained to the landlord."

We agree with appellant that it was improper to consider in proof of the nuisance charged the several instances of burning of food which occurred while she was present in the apartment. And while the admission of this evidence is not separately assigned as error, we think it proper to mention it in considering the sufficiency and probative force of the evidence as a whole. Pollution of the air by smell and smoke emanating from burning food was not the nuisance claimed. The complaint charged only the creation of a fire hazard and made *leaving the premises* an integral element of the charge. By thus defining one specific course of conduct as the source of the nuisance claimed the landlord confined himself to proof of such acts and precluded himself from showing acts of a different nature.

We are not unmindful that we have held that informality of pleading is the rule in landlord and tenant cases.[3] But we have never said that a suing landlord may allege one thing and, over objection, prove another.[4] We have said: "Although proceedings in landlord and tenant actions are informal, the tenant is entitled to be informed by the complaint of the nature of the recovery sought against him." [5]

In this case, aside from the improperly admitted evidence, the only proof in support of the jury verdict was that on one occasion the tenant placed the building in danger by leaving her apartment with the gas stove lighted. Tenant concedes that such act could, if persisted in, justify a finding of nuisance under the law of this jurisdiction.[6] But she contends, as she did on

1. One of the several grounds on which such action is maintainable under the District of Columbia Emergency Rent Act. Code 1940, Supp. VII, § 45—1605 (b) (1) (b).

2. The affidavit was filed in opposition to tenant's motion for summary judgment.

3. Bell v. Westbrook, D.C.Mun.App., 50 A. 2d 264; United States v. Wittek, D.C. Mun.App., 48 A.2d 805; De Bobula v. Coppedge, D.C.Mun.App., 40 A.2d 255.

4. See Etty v. Federal Consulting Service, D.C.Mun.App., 59 A.2d 692, which, though not a landlord and tenant case, contained an opposite statement.

5. Shipley v. Major, D.C.Mun.App., 44 A. 2d 540, 541.

6. "A nuisance is anything that works or causes injury, damage, hurt, inconvenience, annoyance, or discomfort to one in the legitimate enjoyment of his reasonable rights of person or property" or "that which renders the ordinary use and occupation by a person of his property uncomfortable to him." District of Columbia v. Totten, 55 App.D.C. 312, 318, 5 F.2d 374, 380, 40 A.L.R. 1461; Levy

motion for directed verdict at the close of the evidence, that this single occurrence was legally insufficient to constitute a nuisance warranting eviction under the Rent Act. With this contention we agree.

■ Nuisance being a "field of tort liability" and not "a single type of tortious conduct" [7] is not always easy to define, or when defined, to apply. Nevertheless, certain clearly expressed principles appear in the decisions on the subject. Thus it has been said that "some degree of permanence is an essential element of the conception of nuisance." [8] Also that there must be a "continuousness or recurrence of the things, facts, or acts which constitute the nuisance," deriving from the notion of unreasonable use.[9] Other authorities trace the continuity factor to the more basic requirement that "substantial harm is necessary to liability for private nuisance," it being then reasoned that "continuance or recurrence of the interference is often necessary to cause such harm." [10] But whatever the approach, it seems clear that one act of misconduct, though it causes discomfiture or inconvenience to others in the use and enjoyment of property, is not actionable as a nuisance. The same view has been taken in a number of New York cases arising under Federal rent regulation. There it has been held that one attempt at suicide on the premises did not warrant an eviction grounded on nuisance,[11] and that one act of disorderly conduct did not constitute a nuisance.[12]

■ In his brief, appellee concedes "that a single act does not constitute a nuisance under the Rent Act or as a proposition of law," but says that the jury determined

there were several acts, and that it can be inferred that there were other occasions when the stove was left lit and unattended as charged. But, as we have said, the proof was that there was only one instance of that kind. And we are not persuaded that the suggested inference is a proper one. "Nuisance is a condition which must be shown to exist in fact and may not rest in speculation." [13] Hence we must rule that the evidence presented at the trial below was not sufficient to sustain the charge in the complaint, or to support the verdict which followed.

■ We think we should add a word of comment on another assignment of error in which appellant criticizes the judge's charge to the jury. Viewing the charge in its entirety, as we must,[14] we find it far from adequate. Though the tenant's counsel specifically requested a charge on the subject, the transcript shows that aside from the single statement "that a nuisance may not be a single act but must be a continuing course of action," the jury was given only a most general definition of nuisance. This is not enough. "Instructions must be suited to the facts of the particular case." [15] To enable jurors to consider and decide a case intelligently, the judge should explain the law of the case, state the issues involved, and should also point out the essentials to be proved on one side or the other. Here the trial judge should at least have instructed the jury that the nuisance charged was the creation of a fire hazard and that in order to evict the tenant, they must first find that a nuisance had been committed and that it was of a real and substantial

v. Bryce, D.C.Mun.App., 46 A.2d 765; Vaughn v. Neal, D.C.Mun.App., 60 A.2d 234.

7. Restatement of Torts, Chap. 40, p. 220.

8. Ford v. Grand Union Co., 240 App.Div. 294, 270 N.Y.S. 162, 165.

9. United States v. Cohen, D.C.E.D.Mo., 268 F. 420, 422.

10. Restatement of Torts, Chap. 40, p. 223.

11. Metropolitan Life Ins. Co. v. Moldoff, 187 Misc. 458, 63 N.Y.S.2d 385, affirmed without opinion 272 App.Div. 1039, 74 N. Y.S.2d 910.

12. Metzger v. Hecht, 187 Misc. 399, 66 N. Y.S.2d 47. See also Vasapollo v. Zullo, Sup., 72 N.Y.S.2d 393.

13. Metropolitan Life Ins. Co. v. Moldoff, note 11, supra, 187 Misc. 458, 63 N.Y.S. 2d 387.

14. Beck v. Bechtel Hotels, Inc., D.C.Mun. App., 72 A.2d 36; Henderson v. Allison, D.C.Mun.App., 44 A.2d 220; Coleman v. Chudnow, D.C.Mun.App., 35 A.2d 925.

15. Thompson v. Smith, 70 App.D.C. 65, 75, 103 F.2d 936, 946, 123 A.L.R. 76; see also Chicago & N. W. Ry. Co. v. Green, 8 Cir., 164 F.2d 55.

903

character [16] as tested by its effect on persons of normal sensibilities. Failure to so do left the jury to guess at the law and precluded an intelligent determination of the issues. This alone would prevent affirmance were we not required to reverse for the more basic reason previously discussed.

Reversed, with instructions to award a new trial.

16. 39 Am.Jur., Nuisances, § 30; 46 C.J., Nuisances, § 45.