Tony Mancuso, J.
This is a proceeding to recover possession of an apartment which respondent, Wallace Newton, occupies under a written lease dated April 1, 1965 with petitioner, Valley Courts, Inc.
On July 27, 1965, the landlord served a written notice on the tenant seeking termination of the tenancy on the grounds that the tenant’s conduct constituted a nuisance and substantially interfered with the comfort and safety of other tenants and occupants of the same premises and/or of adjacent buildings. The tenant refused to quit the premises, and thereafter the landlord commenced this proceeding to recover possession of real property on the same grounds stated in its notice.
Subdivision 1 of section 711 of the Real Property Actions and Proceedings Law permits a proceeding to recover possession of real property by reason of the termination of the term fixed in the lease, pursuant to a provision contained therein, giving the *1029 landlord the right to terminate the time fixed for occupancy under such agreement, if the landlord deems the tenant objectionable.
Interestingly, the lease before the court contains no such provision, but does contain a provision, “it is further agreed that the restrictions listed on the application, signed by the (tenant) are hereby made a part of this lease.” These restrictions are not before the court, but the case was tried by both parties on the assumption that the said application contained an “ objectionable tenant clause ” within the meaning of subdivision 1 of section 711 of said law. Therefore, I will decide this case on the assumption of both parties that the lease contains such a provision.
Petitioner called tenants Lenora Picone, Ida Glassmire, James Stoddard and his wife, Suzanne Stoddard, and superintendent of premises, Mildred Marshall.
Respondent called respondent personally, to testify.
The facts are not in serious dispute. My decision is based on the following findings of fact supported by the weight of evidence:
On June 23, 1965, the respondent gratuitously informed Mrs. Picone of a rumor Mrs. Picone’s husband was affected by the birth of a palsied child to the Picones. The respondent augured severe forebodings with respect to Mr. Picone’s future conduct as a result of said birth.
On the same date the respondent’s wife physically assaulted the witness Glassmire without apparent justification. The respondent accused the tenant Glassmire of unlawful and improper conduct; there was an altercation which involved pushing between the tenant Picone and the respondent, which resulted in a broken window and the ripping of some of the respondent’s clothes. The respondent also attempted, without success, to provoke the tenant Stoddard to take off his glasses and engage in fisticuffs. The respondent expressed concern and wonder to the tenant Stoddard as to how Mr. Stoddard could live with his wife because she bit her fingernails, and again, gratuitously, offered the advice to Stoddard that his wife needed psychiatric help and that she nagged her husband too much. Most of these occurrences took place on June 23, 1965.
There was also evidence that the respondent Newton had trouble with one of the tenant Glassmire’s guests, sometime prior to June 23, 1965.
From this record it is abundantly clear that the respondent is a busybody and sticks his nose into other people’s business without invitation, and certainly is far from an ideal neighbor. *1030 However, before he can be found objectionable under section 711, something more than mere annoyance, disrupting conversation, momentary upset or an isolated assault must be shown.
In Di Lella v. O’Brien (187 Misc. 922) it was held that where the tenants were, on three separate occasions, noisy, intoxicated and quarrelsome in the late evening hours, and made derogatory references to landlord’s race, that such actions over a period of time constituted such a nuisance that warranted termination of the tenancy under section 232-b of the Real Property Law. The case was brought under a regulation of the former Federal Office of Price Administration requiring the landlord to prove a nuisance. To terminate the tenancy herein, landlord must prove the tenant “ objectionable,” but the theory is much the same, [n the Di Lella case the court stated (p. 925) that: “Isolated instances of misconduct will not suffice but a continued or frequent violation of this rule will be sufficient. ’ ’
Similarly, in Metropolitan Life Ins. Co. v. Moldoff (187 Misc 458, 459) the “nuisance” permitting a summary proceeding based upon the violation of obligation of tenancy was described as a “ conscious and deliberate act and involves the idea of continuity or recurrence; ‘ some degree of permanence is an essential element of the conception of nuisance ’ (Ford v. Grand Union Co., 240 App. Div. 294, 296).” In the Metropolitan case, the court quoted from a New Jersey opinion (p. 460) as follows: ‘1 ‘ Things merely disagreeable, which simply displease the eye, or offend the taste, or shock an over-sensitive or fastidious nature, no matter how irritating, or unpleasant, are not nuisances. ’ (Demarest v. Hardham, 34 N. J. Eq. 469, 474.) ”
The Metropolitan case involved an attempt by the tenant to commit suicide, and the landlord alleged that the attempt indicated possible future attempts. The court held that this still was an isolated instance and could not be classified as a nuisance.
Judge McClusky, sitting as a Syracuse Municipal Court Judge, in Hixson v. Leonard (186 Misc. 379) held that evidence that doors in the house and garage were slammed, and the keeping of cats, and police visitations without arrest, and loud talk, swearing and use of profanity by tenants, were not sufficient to warrant eviction upon the ground of nuisance. Even where the tenant’s daughter practiced the piano, to the annoyance of other apartment dwellers, for about 12 hours daily, it did not warrant a finding of nuisance to justify termination of the lease by the landlord where there was no showing that the piano playing was exceptionally loud or that it was performed at unreasonable hours (Matter of Twin Elm Corp. v. Banks, 181 Misc. 96).
*1031 To make a tenancy objectionable, the use of the property by the tenant must be unwarrantable, unreasonable, or unlawful, to the annoyance, inconvenience, discomfort, or damage of another. The objectionableness must involve the idea of continuity or recurrence. An isolated instance of objectionable conduct is insufficient (2 Rasch, Landlord and Tenant and Summary Proceedings, § 1060).
The landlord urges that failure to find to precedent for the tenant’s conduct in the instant case should not preclude him from obtaining relief if justice and equity cry out for a remedy. This is true. Lack of judicial precedent, in and of itself, should not deprive a party of relief where equity and justice demand a remedy. (2 Walsh, Commentaries on the Law of Real Property, § 193, pp. 359-360.) However, I find that the tenant’s conduct in the instant case, although reprehensible and obnoxious, does not rise to that degree of continuity, unreasonableness and unlawfulness as envisioned by the statute and the cases decided thereunder. (See Note 51, pp. 132-133 in McKinney’s Cons. Laws of N. Y., Real Property Actions and Proceedings Law.)
This is not to say that, should the respondent’s conduct continue as in the past, a finding of “ objectionable ” may not be determined in the future, based upon the conduct in the record herein and any subsequent similar conduct showing a pattern of continuity and unreasonableness. In fact, I believe that the entire record herein would be admissible in any subsequent proceeding of a similar nature, involving the same parties and subsequent similar or related conduct on the part of the respondent.
For the reasons aforesaid, the petition to recover possession of real property in the instant ease, is denied, without costs to either party.