Allen Murray Myers, J.
The landlord petitioner has commenced this summary holdover proceeding to recover possession of an uncontrolled apartment which has been occupied by the respondents under a written lease for a term of three years commencing on September 1, 1966 and ending on September 30, 1969.
A notice terminatirg the lease as of November 30, 1968 specified four grounds. The first three grounds referred to isolated instances of unintentional acts which clearly would not consti *244 tute objectionable behavior which would warrant the termination of a lease. (See Metropolitan Life Ins. Co. v. Moldoff, 187 Misc. 458, affd. 272 App. Div. 1039; Madison Cent. Corp. v. Weider, 91 N. Y. S. 2d 437; Metzger v. Hecht, 187 Misc. 399.)
The fourth ground and the one most seriously urged is based upon an allegation that the 15-year-old son of the respondents has been playing drums in their apartment to the annoyance of some of their neighbors.
The respondents, husband and wife, occupy a S^-room apartment at 160 E. 84th St. with their two sons, 15 and 4 years of age. The older one attends a school for professional children.
In response to a request from the landlord’s agent that her son stop playing the drums, Mrs. Karlsen wrote:
“Asa mother I must protect my son’s interest. Music is not just a passing fancy to him, it is indeed his whole life.”
“ My son practices a maximum of one hour per day * * * usually between two and three p.m. If an earlier or later hour would be more convenient for others, we will be happy to cooperate in any way possible.”
In her testimony she added that her son does not practice on weekends.
There was testimony to the effect that some of the tenants in close proximity to the respondents were annoyed and that some were not annoyed by the drum playing. The petition is based upon paragraph 16(2) of the standard real estate board form of apartment lease which authorizes the landlord to terminate the lease upon three days’ notice if he deem the tenant objectionable; and upon paragraph 15 of the rules and regulations of the lease which provides in pertinent part that: “ No tenant shall play upon * * * any musical instrument * * * in the demised premises between the hours of eleven o’clock p.m. and the following eight o’clock a.m. if the same shall disturb or annoy other occupants of the building. No tenant shall conduct * * * instrumental practice * * # at any time.”
The questions before the court are: 1.) Does paragraph 16(2) give the landlord the absolute, untrammeled right to terminate the lease if in his sole opinion “ he deems the tenant objectionable,” or must he establish to the satisfaction of the court that the tenant is objectionable; and 2.) If he must establish that the tenant is objectionable, has he met his burden?
Subdivision 1 of section 711 of the Real Property Actions and Proceedings Law provides in pertinent part that: “ A proceeding seeking to recover possession of real property by reason of the termination of the term fixed in the lease pursuant to a *245 provision contained therein giving the landlord the right to terminate the time fixed for occupancy under such agreement if he deem the tenant objectionable, shall not be maintainable unless the landlord shall by competent evidence establish to the satisfaction of the court that the tenant is objectionable.”
As a general rule, to make a tenant objectionable, his use of the property must have been unreasonable or unlawful to the annoyance, inconvenience, discomfort or damage of others. (Matter of Twin Elms Mgt. Corp. v. Banks, 181 Misc. 96; mere annoyance is insufficient. Hixson v. Leonard, 186 Misc. 379; Pool v. Coleman, 8 Daly 113.) While paragraph 15 of the rules and regulations permitted the tenant to play any musical instrument from 8:00 a.m. to 11:00 p.m. it provided that “ No tenant shall conduct * * * instrumental practice * * *' at any time.”
There is an apparent inconsistency between the last sentence which proscribes “ the conducting of practice ” and the rest of the provision which permits the playing of any musical instrument. This clause should be so interpreted to mean that if a tenant is permitted to play an instrument he is also permitted to practice the playing of that instrument. This is especially so since the landlord prepared the lease (General Venture Corp. v. Wilder Transp., 26 A D 2d 173). The last sentence apparently does not apply to the situation at hand. Accordingly, it would appear that the respondents were acting reasonably and within their contractual rights in allowing their son to play the drum for one hour per day on weekdays.
While the court can sympathize with the respondents’ neighbors who may be annoyed by the sound of the drums emanating from the latter’s apartment, that is the price they must pay to live in a city apartment.
The city is filled with the sounds of life and the living and some of the more civilized sounds are those of children learning to make music. As the court stated in Pool v. Coleman (supra, p. 118): “where people indulge their inclination to be gregarious they must not expect the quiet that belongs to solitude. ’ ’
Judge Crawford, in Matter of Twm Elm Mgt. Corp. v. Banks (supra, p. 97) wrote: “ The peace and quiet of a rural estate or the sylvan silence of a mountain lodge cannot be expected in a multiple dwelling.”
In this latter case, the court failed to find objectionable the practice of the piano for 12 hours a day (cf. Justice Ct. Mut. Housing Co-op. v. Sandow, 50 Misc 2d 541).
The respondents here have demonstrated a reasonable consideration for the comforts of their neighbors. The court feels *246 reasonably certain that they will exercise their rights with restraint and with dne regard to the rights and comforts of others.
Petitioner has failed to establish to the satisfaction of the court that the respondents are objectionable. Accordingly, the petition is dismissed.