OPINION OF THE COURT
Rena K. Uviller, J.
In this holdover proceeding the landlord seeks to terminate a lease because the tenant recently caused his mattress to ignite by negligently dropping his lit cigarette upon it. This caused the hallway of the building to become smoky and left a trail of cinders when the tenant dragged the mattress out to the street in order to extinguish it.
The tenant has been living in the building for five years. He is 27 years old and concedes that he has had a serious drinking problem for several years. When in a state of sobriety, he is a well-groomed, well-mannered and intelligent man. He concedes that at the time of the incident he was *102 heavily intoxicated and fell asleep with a lighted cigarette in his hand. Both the tenant and his sponsor from Alcoholics Anonymous testified that the tenant is now actively involved in Alcoholics Anonymous and has maintained sobriety for the past month and a half. The tenant was in another rehabilitation program a few years ago for 18 months, but left it. His sponsor acknowledges that it is impossible to predict whether a person suffering from alcoholism will resume drinking or will maintain sobriety: that an alcoholic wages a daily struggle with his illness for a lifetime.
Two other tenants in the building testified on behalf of the landlord. One of them is also a self-described alcoholic who has remained sober for the past seven years. While expressing sympathy for respondent tenant, these two neighbors are concerned for their own safety should respondent continue to live in the building. Neither their testimony nor any other evidence adduced by petitioner, however, establishes that apart from this isolated incident respondent has, in the five years of his tenancy, done anything to interfere with the comfort and safety of the landlord or the other tenants. (See Code of Rent Stabilization Assn of NY City, § 53, subd [b].) Although the petition alleges a prior incendiary act by this tenant, there was no proof of same.
Pursuant to the Code of the Rent Stabilization Association of New York City, a single incident is insufficient to establish that the tenant is or has created a nuisance. Daily in this city, residents of multiple dwellings endanger their neighbors by acts prompted by negligence, infirmity of various sorts, or sheer stupidity. If a single unintentional act were sufficient to evict a person from his home, a leasehold would be a worthless possession indeed. To sustain the charge that a tenant is sufficiently objectionable so that his lease may be involuntarily terminated, the landlord must show a course of conduct that threatens the safety and comfort of others. (See Metzger v Hecht, 187 Misc 399; Truncali v Kusstatscher, 61 Misc 2d 500; Metropolitan Life Ins. Co. v Moldoff, 187 Misc 458, affd 272 App Div 1039.)
Nor does the condition of alcoholism itself constitute sufficient grounds for eviction, in the absence of evidence that the condition has caused the tenant to engage in a course of conduct amounting to a nuisance. Alcoholism has been medically defined as an illness, with a genesis and symptoms that are both physical and psychological. (See Hechtman, Practice *103 Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 240.40, p 131, 1978-1979 Pocket Part; Mental Hygiene Law, art 1, § 1.03, subds 3, 13, 14; art 19; Public Health Serv Pub, No. 730, "Alcoholism”, prepared by Nat Inst of Mental Health, US Dept of Health, Educ and Welfare; Fingarette, The Perils of Powell: In Search of a Factual Foundation for the "Disease Concept of Alcoholism”, 83 Harv L Rev 793.) Our system of law does not countenance the imposition of punishment or other penalty upon an involuntary condition or status, without a showing of overt acts or behavior that are themselves subject to penalty. (Robinson v California, 370 US 660; Fenster v Leary, 20 NY2d 309.)
The landlord further argues that the other tenants’ expressed fear for the future, together with an alcoholic’s acknowledged difficulty in maintaining sobriety, is sufficient grounds for eviction. We live among a diverse populace. Many people harbor fear of their neighbors and the characteristics of the population group to which their neighbors belong. Indeed, a statistical analysis may show that members of a given group, youths for example, are more likely to harm others than the population in general. It may or may not be true that an alcoholic is more prone to endangering conduct than those not thus afflicted. Absent evidence that this afflicted individual poses a continuing threat to others, however, the other tenants’ fear, however genuine, is insufficient to sustain the petition. (See Truncali v Kusstatscher, 61 Misc 2d 500, supra.) The landlord has failed to meet his burden of proof. Petition is dismissed.