OPINION OF THE COURT
Beverly S. Cohen, J.
Respondent moves to dismiss the holdover petition. Respondent contends that the petition fails to comply with CPLR 3024 and 3211 (subd [a], par 7) and RPAPL 741 (subd 4).
Petitioner commenced a holdover proceeding in order to terminate the respondent’s tenancy pursuant to the Rent Stabilization Law of 1969 (Administrative Code of City of New York, § YY51-1.0 et seq.). The notice of termination stated “You are an out patient from a mental hospital. That in 1979 you started a serious fire in the apartment. The landlord has kept you in the apartment and the Department of Social Services had agreed to relocate you but has failed to do so. Now a second fire has recently been started by you and this creates a serious nuisance situation. The situation is one whereby the landlord may be subjecting himself, his building, and other occupants in the building to serious bodily harm and for this reason the landlord is bringing this action to remove you from the premises.”
*190 Respondent contends that the allegation in the petition “you are an out patient from a mental hospital” is scandalous and prejudicial and should be stricken pursuant to CPLR 3024 (subd [b]). The test under CPLR 3024 (subd [b]) is whether the allegation to be struck is relevant, in the evidentiary sense, to the controversy and is therefore admissible at trial. (Wegman v Dairylea Coop., 50 AD2d 108, mot for lv to app dsmd 38 NY2d 918.) The statement concerning respondent’s mental condition is not relevant to the controversy.
The statement that the “landlord has kept you in your apartment and the Department of Social Services has agreed to relocate you but has failed to do so” is not relevant to the controversy. Consequently, the motion to strike the portion of the petition concerning respondent’s mental condition and relocation is granted.
Respondent’s motion to dismiss for failure to state the facts upon which the special proceedings is based is denied. The petition states the basis for the special proceeding. The petition sets forth that on two occasions the respondent started a fire in his apartment. Although in other cases, two incidents of objectionable behavior over a period of three years may not set forth a course of conduct by the tenant, this court determines that because of the degree of danger involved herein two incidents may constitute a course of conduct. These allegations are a sufficient basis for not dismissing the petition.
The present case is distinguishable from the cases cited by the respondent. In Truncali v Kusstatscheir (61 Misc 2d 500), the petition alleged that an 88-year-old tenant opened gas cocks without lighting the gas. The petition was not dismissed. After trial the court determined that this created a dangerous situation and suggested the removal of the gas stove without evicting the tenant.
In Metropolitan Life Ins. Co. v Moldoff (187 Misc 458 [App Term, 1st Dept], affd 272 App Div 1039), the landlord instituted a summary proceeding to evict the tenants. The basis of the petition was nuisance — the wife had attempted suicide by inhaling illuminating gas. The landlord alleged this posed a threat to other persons in the building. *191 In contrast to the present case, there was evidence that the woman had been successfully treated for her ailment and that her mental depression was an isolated incident. That petition was dismissed, but only after a trial. Pamac Realty Corp. v Bush (101 Misc 2d 101), in which an intoxicated alcoholic fell asleep with a lighted cigarette in his hand is also distinguishable. In Pamac (supra) the petition also only alleged one incident and the respondent testified that he was actively involved in Alcoholics Anonymous and had been sober for the past month and a half. In none of the foregoing cases was the petition dismissed on a pretrial motion. In the present case, two dangerous incidents are alleged. The issues in the petition must be resolved at trial.
Accordingly, the motion to strike the portions of the petition that are not relevant is granted and the motion to dismiss the petition is denied.