OPINION OF THE COURT
David B. Saxe, J.
The novel issue that I must decide in this case is: May an individual whose drum playing in a residential section of Queens disturbs a neighbor be subjected, upon the neighbor’s complaint, to a criminal prosecution for harassment (Penal Law, § 240.25)?
The defendant Richard Cifarelli has studied and played the drums for more than 10 years. Though he holds other daytime employment, he considers himself primarily to be a musician. Others in the music industry regard him as a professional percussionist. He has played in several live performances as well as on record albums. On most evenings, the defendant plays his drums for about two hours upon his return from work at approximately 5:30 p.m. He has resided with his mother in a two-family house located in Sunny side, Queens, for over five years. His neighbor, the complainant, Perry Jacobs, has lived in the adjoining two-family house next door to the defendant’s house since 1981. This criminal prosecution for harassment (Penal Law, § 240.25) was commenced against the defendant after complaints were received from Mr. Jacobs regarding disturbances and annoyances allegedly created by the defendant as a result of his frequent and loud drum playing.
*588 The proof at trial was totally insufficient to prove the alleged criminal charge. Accordingly, I dismissed the information.
The criminal statute under which the defendant was charged, section 240.25 of the Penal Law, states:
“§ 240.25 Harassment
“A person is guilty of harassment when, with intent to harass, annoy or alarm another person * * *
“5. He engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.” (Emphasis added.)
In order to sustain a conviction under this section it is necessary to prove a specific intent to harass and intimidate, and that the conduct, i.e., drum playing, serves no legitimate purpose. Proof of these elements was lacking. It was apparent that the defendant’s only intent was to practice the drums, not to purposely annoy his neighbor. The fact that he may have known that his practice disturbed Mr. Jacobs, as evidenced by his frequent and vehement good-faith complaints, is irrelevant. Nor can it be said that his practicing serves no legitimate purpose, since the development and practice of one’s musical talents is just as much a pursuit of a legitimate business or livelihood as the operation of a factory or auto repair shop which also necessarily involve the emanation of sounds or noises. (See People v Markovitz, 102 Misc 2d 575.) “[W]here a business is legal, the noise necessarily emanating therefrom could not sustain a conviction.” (People v Markovitz, supra, p 578; People v Cuneo Eastern Press, 257 NY 208.) The right to quiet enjoyment, even where one may be said to exist, will not override the interests of a legitimate business. (Incorporated Vil. of North Hornell v Rauber, 181 Misc 546.)
More precisely, however, is the fact that the nature of the conduct complained of here is totally improper as the basis for a criminal prosecution. In essence, it is alleged that the defendant is creating a private civil nuisance. Criminal courts should not be utilized to enforce what is essentially a civil remedy. (See People v Markovitz, supra; City of Rochester v Charlotte Docks Co., 114 NYS2d 37.)
*589 People v Markovitz (102 Misc 2d 575, 576, supra), is analogous to this case. There, residential neighbors complained concerning the defendant’s operation of a garage and auto repair shop because it “created loud and unnecessary noise by loud banging, dropping tools, sanding, screeching * * * and a variety of esoteric annoyances geared to making life intolerable for residents of the block”. The court dismissed the action holding that no criminal sanctions existed under section 240.25 of the Penal Law because the normal operation of a business could not constitute culpable behavior of the type alleged. The court commented (p 580): “While an order dismissing this proceeding without prejudice to an action in equity might be appropriate, it is also obvious that the only resolution of this dispute will come when the parties realize * * * that they must learn to live with each other”. The holding and reasoning of Markovitz is equally applicable herein.
The District Attorney’s office should have known that this was an improper forum for resolution of this private dispute and should have, in their discretion, refused to prosecute this case. Their, insistance on prosecuting this case was an unwarranted waste of judicial time and efficiency.
In fact, had this been a civil action for private nuisance, the facts would not support a finding that the defendant had created a nuisance. “A private nuisance is a civil wrong, based on a disturbance of rights in land * * * A public or common nuisance, on the other hand, is a species of catch-all criminal offense”. (Prosser, Torts [4th ed], § 86, pp 572-573.) In a civil action, as opposed to a criminal action, liability for a nuisance requires neither a finding of “specific intent” to annoy nor that the conduct serves “no legitimate purpose.” Instead, these become only factors in the balance between the conflicting interests of each side according to objective standards, weighing the gravity of the harm to the plaintiff against the usefulness of the defendant’s conduct. (Weinberger v Galanti, NYLJ, April 7, 1982, p 12, col 2; Prosser, Torts [4th ed], § 89, p 596.)
It is generally stated that there are certain inconveniences which people living in populous areas must tolerate. *590 Musical instrument practice commonly falls within this category. It is outside the court’s province to differentiate between musical pursuits, and say, for example, that a piano is a legitimate musical instrument and drums are not. (See Elliman & Co. v Karlsen, 59 Misc 2d 243.) Each must be equally respected and protected.
Devotion to the development of one’s musical abilities is viewed as being of high utility and, when conducted within reasonable parameters, it will usually be held to outweigh the harm or annoyance suffered by those exposed to it. (See Matter of Twin Elm Mgt. Corp. v Banks, 181 Misc 96.) The drum playing was confined to reasonable hours; rarely was it heard after 8:00 p.m. and never after 10:00 p.m. Since the defendant’s activities were reasonable, no private nuisance exists.
Under any standard, I do not find the defendant’s conduct to be improper. The information is dismissed.