OPINION OF THE COURT
David B. Saxe, J.
May the illegal subletting of rent control premises be considered a nuisance under section 52 of the New York City Rent and Eviction Regulations? If so, a summary holdover proceeding may be maintained without first requiring the landlord to serve a notice to cure upon the tenant.
The facts are these: the respondent, Mons. Bernard Alexis Poisson de Menars, is a rent-controlled tenant of apartment IF at 30 East 70th Street in Manhattan. He is alleged to have illegally sublet his apartment to one Beth Albert. In turn, Mons. Bernard Alexis Poisson de Menars vehemently protests his innocence from these damning charges and asserts that indeed he did permit another to live in his apartment while he was out of the country but that the alleged transgression was only a “responsible” and “worthy” “house-sitter” rather than a more nefarious sort — a sublessee.
The landlord served Mons. Bernard Alexis Poisson de Menars with a notice advising him his tenancy was termi *510 nated as a result of the alleged subletting. The landlord claimed that the subletting constituted a nuisance. No cure notice was served. Further, and alternatively, the landlord asserted a right to terminate the tenancy because it was alleged that the respondent has “profiteered” from the unlawful occupancy by charging an excessive rent. This too was denominated a nuisance. No notice to cure was served.
Assuming that Mons. Bernard Alexis Poisson de Menars did indeed sublet his apartment, that fact does not, I hold, constitute a nuisance and is not conduct such as to substantially interfere with the comfort and safety of the landlord or of other tenants or occupants of the same or other adjacent buildings or structures. (See New York City Rent and Eviction Regulations, § 52, subd b.)
Nuisance is conduct that is either unreasonable or unlawful and causes annoyance, inconvenience, discomfort or damage to others. (See, e.g., Copart Inds. v Consolidated Edison Co. of N. Y., 41 NY2d 564; Truncali v Kusstatscher, 61 Misc 2d 500.)
In fact, piano playing lasting approximately 12 hours a day (Matter of Twin Elm Mgt. Corp. v Banks, 181 Misc 96); daily one-hour drum playing by a tenant’s 15-year-old son (Elliman & Co. v Karlsen, 59 Misc 2d 243); and guitar playing for six hours each day (Florence Realty Corp. v Shakespeare, NYLJ, Aug. 12, 1977, p 12, col 3) were held to be reasonable activities and therefore not nuisances.
Certainly, permitting the existence of a sublet is not an activity more burdensome than those activities held not to be nuisances in the cited cases. I hold therefore that the harboring of a sublessee does not make out a claim of nuisance.
The landlord further claims that Mons. Bernard Alexis Poisson de Menars is charging his tenant an excessive rent and that this activity constitutes a violation of section 180.55 of the Penal Law — rent gouging, which provides:
“A person is guilty of rent gouging when, in connection with the leasing, rental or use of real property, he solicits, accepts or agrees to accept from a person some consideration of value, in addition to lawful rental and other lawful charges, upon an agreement or understanding that the *511 furnishing of such consideration will increase the possibility that some person may obtain the lease, rental or use of such property, or that a failure to furnish it will decrease the possibility that some person may obtain the same.
“Rent gouging is a class B misdemeanor.”
Even if it could be proven that Mons. Bernard Alexis Poisson de Menars deigned to engage in rent gouging, the effect of such activity would at best provide Ms. Albert, the sublessee, with certain civil rights against the sublessor. But, rent gouging by the sublessor does not, I hold, give rise to an independent claim for eviction by the fee owner based upon a nuisance theory against the rent “gouger”. The activities described in the penal statute do not encompass the notion of nuisance advanced here by the landlord. I hold therefore that the type of rent profiteering alleged here does not (under the theory of nuisance), taint the tenancy of Mons. Bernard Alexis Poisson de Menars.
In conclusion, the acts set out in the notice to terminate, even if proven, do not constitute a nuisance. That being so, the landlord should have but did not give the tenant an opportunity to cure. (See New York City Rent and Eviction Regulations, § 52, subd b.) Perhaps, the acts alleged by the landlord constitute a breach of substantial obligation of the tenancy. If so, a written cure period was required.
The petitioner’s application is denied. The respondent’s cross motion to dismiss is granted based upon the foregoing analysis. The petition and notice of petition are dismissed.