OPINION OF THE COURT
Michael F. McKeon, J.
*796 Petitioner commenced this action by order to show cause and petition dated September 20, 2007 seeking possession of apartment No. 1 located at 125 North Street, Auburn, New York. Petitioner and respondent entered into a written month-to-month lease on December 1, 2005 at a rental rate of $550. In bringing this summary proceeding, petitioner relies on paragraph 8 (5) of the lease which imposes an obligation on the respondent to conduct himself in a manner so as not to disturb his neighbor’s peaceful enjoyment of the premises. A hearing was held on October 1, 2007 at which four witnesses testified, three for the petitioner and one for the respondent.
For the reasons set forth below, this court must dismiss this proceeding. A summary proceeding commenced pursuant to Real Property Actions and Proceedings Law article 7 is a special proceeding governed entirely by statute and courts have consistently ruled there must be strict compliance with the statutory requirements to give courts jurisdiction. (See Gonzalez v Peterson, 177 Misc 2d 940 [1998]; Stribula v Wien, 107 Misc 2d 114 [1980].)
RPAPL 711 sets forth the grounds for termination of a lease where a landlord-tenant relationship exists. Subdivision (1) of RPAPL 711 authorizes a court to entertain a summary proceeding where the tenant holds over after the expiration of the term without permission of the landlord. In addition to the more prevalent occurrence where a tenant remains in possession of a leasehold after expiration of the term of the tenancy, a landlord may commence a holdover proceeding against a tenant deemed objectionable so long as there is a provision in the lease so authorizing, as is the case herein.
Implicit in the commencement of a holdover proceeding under this provision, however, is the service of a notice setting forth the reasons for termination and a termination date, since one obviously cannot hold over without some notice terminating the tenancy. (See Douglas L. Elliman & Co. v Karlsen, 59 Misc 2d 243 [1969]; see Valley Courts v Newton, 47 Misc 2d 1028 [1965].) The petitioner having failed to serve any notice on the respondent terminating his tenancy, the respondent is not a holdover tenant. As such, this court lacks jurisdiction to terminate the tenancy, despite the establishment by competent evidence that the respondent is an objectionable tenant warranting removal.
*797 Accordingly, the petition seeking possession of apartment No. 1 located at 125 North Street, Auburn, New York, is hereby dismissed without prejudice to refile after service of a proper notice in accordance with this decision.