OPINION OF THE COURT
Stanley H. Nason, J.
Petitioner moves to sever the respondent’s counterclaims. The lease, which relates to commercial premises, provides a waiver of the right to interpose counterclaims in summary proceedings.
A lease provision waiving the right to interpose counterclaims in summary proceedings is valid (Rasch, New York Landlord and Tenant [2d ed], § 1328). However, the waiver will not be applied to counterclaims for breach of warranty of habitability (Cosmopolitan Assoc. v Ortega, 90 Misc 2d 437) nor to those which logically apply in a summary proceeding.
The history of the modern day landlord-tenant relationship was set forth in Park West Mgt. Corp. v Mitchell (47 NY2d 316), which dealt with residential leases.
Under common law, a lease was regarded as the conveyance of an estate. A landlord had to do little more than deliver possession of the premises along with a covenant of quiet enjoyment. However, as society moved towards an urban economy, the needs and expectations of the tenants changed markedly. The modern day tenant has a right to expect more than the delivery of possession. The court described a residential lease as “essentially a sale of shelter and necessarily encompasses those services which ren *216 der the premises suitable for the purpose for which they are leased.” (Park West Mgt. Corp. v Mitchell, supra, p 328.)
In Reste Realty Corp. v Cooper (53 NJ 444, 452) the court applied similar reasoning in a commercial matter when it stated: “It has come to be recognized that ordinarily the lessee does not have as much knowledge of the condition of the premises as the lessor. Building code requirements * * * are known or made known to the lessor, not the lessee. He [landlord] is in a better position to know of latent defects, structural and otherwise, in a building which might go unnoticed by a lessee who rarely has sufficient knowledge or expertise to see or discover them. A prospective lessee, such as a small businessman, cannot be expected to know if the plumbing or wiring systems are adequate or conform to local codes. Nor should he be expected to hire experts to advise him. Ordinarily all this information should be considered readily available to the lessor who in turn can inform the prospective lessee.”
The logic set forth in Park West (supra) and Reste (supra) can well be applied to many instances arising out of commercial lettings. This is such an instance. Despite the absence of a statute, it is clear to this court that the respondent tenant is entitled to his “rent money’s worth” in services and maintenance. There ought to be and is an implied warranty of fitness for commercial purposes.
In the event of a breach, the tenant should be entitled to pecuniary relief by way of abatement. The nature of the warranty would, of course, differ from that of a residential lease warranty and would depend on the relationship of the parties, the nature of the tenant’s business and the nature of the commercial premises involved. This court therefore holds that an implied warranty of fitness for use does exist in commercial premises and that a counterclaim based thereon may be interposed in a summary proceeding despite lease provisions waiving the right to interpose counterclaims.
Accordingly, the motion to sever the counterclaims is denied.