**GLEN 6 ASSOCIATES, INC., Plaintiff,**

v.

**Gjon DEDAJ and Julie Dedaj, Defendants.**

**No. 91 Civ. 0490 (GLG).**

United States District Court, S.D. New York.

Aug. 28, 1991.

Sanders & Gaboriault (Peter W. Gaboriault, of counsel), Westport, Conn., for plaintiff.

Neal S. Comer (Neal S. Comer, Gary M. Gash, of counsel), White Plains, N.Y., for defendants.

## OPINION

GOETTEL, District Judge:

In New York, when a tenant fails to pay rent, the landlord may bring a summary proceeding to regain possession of the premises. The summary process is a statutory device designed to achieve simple, expeditious and inexpensive resolution of disputes over the right to possession of real property. When, however, the defendant removes the proceeding to federal court, complicated questions posed by the case's unique posture prolong the proceeding so that speedy resolution is no longer a possibility. Removal becomes a tactic which allows a tenant to hold over without paying rent, successfully nullifying the remedy summary process was intended to provide.

## BACKGROUND

Gjon and Julie Dedaj leased two stores, occupying a total of 2,400 square feet, in a shopping center in Brewster, N.Y., with the intent of operating an Italian Restaurant/Pizzeria which could serve 100 customers at a time. Because the premises were still under construction, the lease contained specific provisions imposing upon the landlord the duty to supply the restaurant with adequate septic, sewer and plumbing systems. The landlord was aware of the number of customers intended to be serviced.

The business opened in September 1990 but an inspection by the local health authorities in October revealed that the sewage and septic system could not accommodate more than 34 customers at a time and defendants were ordered to limit their service. They stopped paying rent in December 1990.

In January 1991, the landlord commenced a summary proceeding against the

Dedajs in the Justice Court for the Town of Southeast to regain possession of the premises and payment of the full value of the lease. Defendants removed the action to this court on the basis of the parties' diversity and in their answer asserted a counterclaim to plaintiff's action, alleging that the landlord's failure to comply with the terms of the lease interfered with their enjoyment of the premises and resulted in financial injury. Plaintiff then moved for summary judgment to dismiss the defendant's counterclaims, arguing primarily that the lease waived the right to assert counterclaims in a summary proceeding to collect unpaid rent. At oral argument, this court raised, *sua sponte*, the question of whether this summary process could properly proceed in federal court. The issue was briefed by both sides.

## FEDERAL JURISDICTION

Any civil action brought in a state court of which the federal courts have original jurisdiction may be removed by the defendant to the proper district court of the United States. 28 U.S.C. § 1441(a). If no federal cause of action is stated in the complaint, then diversity jurisdiction must be satisfied, 28 U.S.C. § 1332, but the action is removable only if the defendant is not a citizen of the state in which such action was brought, 28 U.S.C. § 1441(b). We will assume that the conditions of diversity jurisdiction are satisfied here because although the restaurant is located in New York, defendants are citizens of Connecticut, plaintiff is a New York citizen, and the amount in controversy is alleged to exceed $50,000.[1]

■ Even if diversity jurisdiction exists, removal is proper only if the court had original jurisdiction of the matter. Removal acts to the prejudice of state court jurisdiction and the privilege, therefore, is to be strictly construed. This court must necessarily extend its inquiry to examine whether any other factors in the case would have precluded the suit from originally being brought in federal court. If such factors exist, diversity jurisdiction notwithstanding, the case was not properly removed.

■ Our inquiry begins with a consideration of the conflict arising from federal procedural rules and the special procedures followed in New York summary process cases. In diversity cases the federal court applies the substantive law of the forum state but the federal laws governing procedure. *See, e.g., Burlington Northern Railroad v. Woods*, 480 U.S. 1, 107 S.Ct. 967, 94 L.Ed.2d 1 (1987); *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Uniformity of procedure in federal courts ensures consistent results throughout the federal judiciary and protects the unique nature of the federal forums. The Federal Rules of Civil Procedure, intended "to secure the just, speedy, and inexpensive determination of every action", Fed.R.Civ.P. 1, govern all suits of a civil nature even if the civil action has been removed to the district court from state courts. Fed.R.Civ.P. 81(c). The Federal Rules of Civil Procedure provide the normal course for beginning, conducting and determining controversies.

A summary process by its very nature is intended to escape some or most of these

---

1. Plaintiff's petition seeks a judgment against the defendants for $252,000. Because it would like the case remanded, it attempts to have it both ways by asserting that the actual amount in controversy is less than $10,000, the amount of back rent owed. Defendants contend that the amount stated in the petition is the amount in controversy because the lease specifically provides for acceleration of all lease payments in case of a breach.

To dismiss a complaint for failing to allege at least $50,000 in damages, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount". *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).

Under the terms of the lease, plaintiff has the potential to collect an amount well in excess of the $50,000 minimum required by 28 U.S.C. § 1332 and the amount in controversy requirement is satisfied. However, under the terms of the lease acceleration clause, these payments are due monthly over the life of the lease. If plaintiff successfully mitigates its damages by leasing the property to someone else, the future payments may never have to be made or may be for a substantially smaller amount. Consequently, the claim for future damages is a contingent one that may never be realized and it is doubtful that the statutory amount in controversy exists at this time. We do not, however, base this decision on that factor.

trial procedures and differs greatly from the plenary civil trials governed by the federal rules. *New Hampshire Fire Ins. Co. v. Scanlon*, 362 U.S. 404, 406, 80 S.Ct. 843, 845, 4 L.Ed.2d 826 (1960). For example, the summary process in New York is based on petition, N.Y.R.P.A.P.L. § 731, and may proceed without formal pleadings, N.Y.R.P.A.P.L. § 732. Moreover, short time notice of hearing is fixed by the court. *Id.* The summary process rules contain no provision for discovery. In contrast, the Federal Rules of Civil Procedure require service of a summons and complaint and formal pleadings, do not provide for short notice of hearing, and contain detailed provisions for discovery and motions to accelerate judgment on the merits.

It is obvious that a summary process and a plenary civil trial, shaped by the federal rules, are very different. In light of *Hanna v. Plumer* and progeny, unless there is express statutory authorization, *New Hampshire Fire Ins.*, 362 U.S. at 407, 80 S.Ct. at 845, or compelling reasons, *Securities & Exchange Comm'n v. Wencke*, 783 F.2d 829 (9th Cir.)(allowing post-judgment summary proceedings to prevent further dissipation of defrauded investors' assets), *cert. denied sub nom., DeLusignan v. Gould*, 479 U.S. 818, 107 S.Ct. 77, 93 L.Ed.2d 33 (1986), a federal court cannot allow proceedings more summary than the full court trial at common law. *See United States v. Powell*, 379 U.S. 48, 58 n. 18, 85 S.Ct. 248, 255 n. 18, 13 L.Ed.2d 112 (1964); *Application of Howard*, 325 F.2d 917, 919 (3d Cir.1963) (summary procedure may not be substituted for plenary action except in those special situations in which federal practice permits summary procedure for adjudication of matter ancillary to pending judicial proceeding); *Daly v. United States*, 393 F.2d 873, 875 (8th Cir.1968). No authorization for summary adjudication of landlord/tenant disputes is provided in the federal rules of procedure nor in any other statute governing procedure in the district court. We are unaware of any instance in which a proceeding of this sort has been successfully removed to federal court. Thus, the summary process filed by plaintiff could not have been brought here

originally and as such, this court lacks subject matter jurisdiction. We find, therefore, that removal was improper and remand the case to the Justice Court for the Town of Southeast.

Alternatively, the doctrine of abstention dictates remand. *Naylor v. Case and McGrath, Inc.*, 585 F.2d 557 (2d Cir. 1978); *see IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc.*, 676 F.2d 152, 160 (5th Cir. 1982). Landlord/tenant disputes concerning failure to pay rent and compliance with local health ordinances do not implicate, in any way, federal rights. Moreover, the state of New York has, through its legislature and its courts, developed a system of administering its law governing possession of real estate which is both fair and efficient. Where state court adjudication of a dispute based upon predominantly local factors is available to the parties, intervention of a federal court is not necessary, particularly when no federal right is at risk. *Alabama Public Serv. Comm'n v. Southern Railway Co.*, 341 U.S. 341, 349, 71 S.Ct. 762, 768, 95 L.Ed. 1002 (1951). It is in the local forum that matters such as landlord/tenant problems are best litigated. *See Tonwal Realties, Inc. v. Beame*, 406 F.Supp. 363 (S.D.N.Y.1976) (abstaining in suit concerning rent control because the state courts were the proper tribunal to construe state rent statutes).

In addition, the law of landlord/tenant relations is strongly grounded in public policy. "It is in the public interest that federal courts of equity should exercise their discretionary power to grant or withhold relief so as to avoid needless obstruction of the domestic policy of the states." *Alabama Public Serv. Comm'n*, 341 U.S. at 351, 71 S.Ct. at 769 (quoting *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 298, 63 S.Ct. 1070, 1073, 87 L.Ed. 1407 (1943)). While the questions of state law presented in this case are not novel, the fact remains that landlord/tenant law is continually evolving and to a certain extent is unsettled in this state. *Compare 40 Associates, Inc. v. Katz*, 112 Misc.2d 215, 446 N.Y.S.2d 844, 845 (Civ.Ct.1981) (extend-

ing warranty of fitness for habitability to commercial properties on the basis that the modern commercial tenant has right to expect more than the delivery of possession) to *Bomze v. Jaybee Photo Suppliers, Inc.*, 117 Misc.2d 957, 460 N.Y.S.2d 862, 863 (App. T. 1st Dep't 1983) (declining to extend warranty of fitness to commercial property). Thus, it may well be that this court can only forecast what New York courts would do in this matter rather than definitively state what the law is. "Abstention in favor of state court adjudication is sound judicial administration where ... it can increase the assurance that all those affected by the [law] will be given the benefit of an authoritative and uniform rule of law." *Naylor v. Case & McGrath*, 585 F.2d at 565. The New York state courts are filled with thousands of summary eviction proceedings. In most of them the tenant seeks to delay the process as long as possible. If we accept the removal of these cases to federal court, we will not only overburden the federal system but will also completely emasculate the state structure for dealing with such disputes. Principles of comity and federalism thus dictate that we abstain and this matter is remanded to the state system to effectuate the abstention.

SO ORDERED.