*941 OPINION OF THE COURT
Per Curiam.
Order and final judgment dated July 7, 1997 reversed, with $30 costs, and final judgment granted in favor of tenants dismissing the holdover petition.
In accordance with a prior stipulation of settlement, tenants entered into the subject apartment premises in August 1993 under a written lease which, by its terms, was “deemed automatically renewed for subsequent two-year terms”. The lease did not contain a provision “giving the landlord the right to terminate the time fixed for occupancy * * * if he deem the tenant objectionable” (RPAPL 711 [1]). Nonetheless, landlord “elect[ed]” to terminate the tenancy, upon 30 days’ notice, on the ground that tenants were committing or permitting a nuisance in the premises. After a trial on the merits, at which no jurisdictional objection was raised, Civil Court granted a final judgment of possession.
For the reasons which follow, we are required to reverse and dismiss the holdover petition. “ ‘ “[A] summary proceeding is a special proceeding governed entirely by statute * * * and it is well established that there must be strict compliance with the statutory requirements to give the court jurisdiction” ’ ” (MSG Pomp Corp. v Doe, 185 AD2d 798, 799-800). The parties’ lease did not permit summary termination of the tenancy if the landlord deemed the tenants objectionable, or for any other reason. Absent such a provision, there was no authority to terminate the tenancy and no authority to maintain a summary proceeding based upon the improper termination (Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1, 7, n 4; 12 Warren’s Weed, New York Real Property, Summary Proceedings, § 8.05 [4th ed]; 2 Rasch, New York Landlord and Tenant — Summary Proceedings § 30:59 [3d ed]). Nor are the nuisance provisions of the rent-control or rent-stabilization regulations (9 NYCRR 2204.2 [a] [2]; 2524.2 [b]) implicated in this case since, as pleaded in landlord’s petition, the premises are not subject to rent regulation.*
Since there was no holdover, there was no jurisdictional basis for a possessory proceeding under RPAPL article 7. This legal defect was fatal to the proceeding and may be raised upon appeal, notwithstanding the failure to assert it below (Willace Realty Mgt. v Henson, 66 Misc 2d 203). “ ‘[I]f a conclusive ques *942 tion is presented on appeal, it does not matter that the question is a new one not previously suggested. No party should prevail on appeal, given an unimpeachable showing that he had no case in the trial court’ ” (Telaro v Telaro, 25 NY2d 433, 439, quoting Cohen and Karger, Powers of the New York Court of Appeals, at 627-628).
In light of our disposition, we reach no other issue.

 The building contains four dwelling units.