**UNITED MUTUAL HOUSES,
L.P., Petitioner,**

v.

**Teresita ANDUJAR, Respondent.**

**No. 02 CIV.3503(SAS).**

United States District Court,
S.D. New York.

July 8, 2002.

Dean Dreiblatt, Esq., Rose & Rose, New York City, for Petitioner.

Scott A. Bursor, Esq., New York City, for Respondent.

### *OPINION AND ORDER*

SCHEINDLIN, District Judge.

United Mutual Houses, L.P. ("United Mutual") commenced this summary hold-

over proceeding under Article 7 of the New York Real Property Actions and Proceedings Law ("RPAPL") in the Civil Court of New York County, Housing Part, to evict Teresita Andujar. Andujar then removed the action to this Court on the ground that it raises questions of federal law.

United Mutual now moves to remand the action to the Housing Court, arguing that removal was improper because no essential question of federal law exists to justify this Court's jurisdiction.[1] Additionally, United Mutual seeks an award of attorneys' fees and costs incurred as a result of the removal. For the reasons set forth below, United Mutual's motion to remand is granted, and its motion to recover attorneys' fees and costs is denied.

## I. LEGAL STANDARD

"It is axiomatic that, for removal to be considered proper, the removing party must demonstrate that this Court is endowed with the requisite subject matter jurisdiction." *Frontier Ins. Co. v. MTN Owner Trust*, 111 F.Supp.2d 376, 378 (S.D.N.Y.2000) (citing *Caterpillar v. Williams*, 482 U.S. 386, 391–92, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

There are two instances in which lower federal courts have federal question jurisdiction over a case on removal: (1) the complaint establishes that federal law cre-

ates the cause of action or (2) plaintiff's right to relief depends on the resolution of a material question of federal law. *See Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc.*, 194 F.Supp.2d 246, 254 (S.D.N.Y.2002) (citing *Franchise Tax Bd. of State of California v. Constr. Laborers Vacation Trust for Southern California*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Moreover, a plaintiff is master of the complaint—neither a federal defense nor counterclaim will create removal jurisdiction. *See The Holmes Group v. Vornado Air Circulation Sys.*, 535 U.S. 826, –– –– ––, 122 S.Ct. 1889, 1893–94, 153 L.Ed.2d 13 (2002).

"Removal jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *Frontier*, 111 F.Supp.2d at 378 (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). "All doubts should be resolved in favor of remand." *Id.* at 379.

## II. FACTUAL BACKGROUND

On December 3, 2001, United Mutual began this summary holdover proceeding against Andujar in New York County Housing Court. 12/3/01 Petition Holdover[2] ("the Petition"), Ex. D to Defendants' Notice of Motion ("Def.Mot.")[3]. The action, if successful, would result in a judgment of possession against Andujar and

---

1. Alternatively, United Mutual argues that Andujar's Notice of Removal was untimely, and that she waived her right to remove by initially litigating on the merits in Housing Court. Because I conclude that this Court lacks subject matter jurisdiction over the action, I do not address these arguments.

2. In Housing Court, the Petition is the equivalent of the Complaint.

3. The motion noticed therein was filed by United Mutual and its co-defendants in a related suit brought by Andujar in this Court, *Andujar et al. v. Hewitt et al.*, No. 02 Civ. 2223. The claims in that suit are discussed at the end of this section.

her eviction from her apartment, which is owned by United Mutual. *Id.* ¶ 12.

Andujar makes the following claims by way of background:[4] In April 2001, after being contacted by the New York City Administration for Children's Services, Andujar took in her goddaughter, Marybeth Cordero. Respondent's Memorandum of Law in Opposition to Petitioner's Motion to Remand ("Resp.Mem.") at 3. Cordero, then seventeen, was in need of a home following the death of her mother and grandmother. *Id.* When Cordero moved in, Andujar immediately initiated the process of becoming her foster parent. *Id.*

United Mutual alleges that Andujar failed to notify her landlord of the additional person residing with her, and Andujar does not contest that claim. Petition ¶ 10i; Resp. Mem. at 3. Sometime that spring, United Mutual learned of Cordero's presence in Andujar's apartment. Resp. Mem. at 3. United Mutual officials informed Andujar that she was violating the rules of her lease. *Id.* A series of negotiations ensued involving the landlord, Andujar, and a social worker from Catholic Home Bureau (the agency where Andujar was enrolled in a foster parents' program). *Id.* at 4. On June 21, 2001, with Andujar under threat of eviction, Catholic Home Bureau removed Cordero from the home. *Id.*

On November 6, 2001, United Mutual served Andujar with a Notice of Termination. 11/6/01 Notice of Termination, Ex. C to Def. Mot. ("the Notice"). The Notice stated that the basis for Andujar's eviction was her violation of various provisions of her Lease Agreement ("the Lease") and appended Rules and Regulations govern-

ing occupancy and notification ("the Rules"). *Id.;* 12/1/00 Lease and Addenda, Ex. B to Def. Mot. The pertinent provisions read as follows:

> ... Occupancy in the Apartment is limited to Income Qualified Tenants and those members of your household listed below [Andujar and her three-year-old son, Ryan], up to the limitations set by the landlord for the number of occupants for each size unit.

Lease ¶ 1.

> The occupancy of all units will be limited to those who are identified on the lease or have otherwise received written permission from the Association to occupy a Mutual Housing unit. Any violation of this policy may be grounds for eviction.

Rules ¶ I.

> All residents are considered legal residents, not subject to eviction unless ... [their] behavior or actions evidence ... willful misrepresentation or concealment by a resident of any material fact which would affect admission eligibility requirements imposed by the Supervisory agencies.

Rules ¶ II.C.3.

The Notice alleged that Andujar had violated these provisions by having a foster child living in her apartment, failing to request or receive the landlord's permission and, when confronted about Cordero, claiming that she was a cleaning woman. Notice at 2–3. The Notice also asserted that "governmental rules and regulations governing the subject building and its occupancy" prohibited female and male children from sharing a bedroom, as well as a child from sharing a room with an adult. *Id.* Finally, the Notice contained this state-

---

4. United Mutual does not offer a factual history, contrary or otherwise, but notes that "the 'facts' alleged in Respondent's Memorandum of Law in Opposition to Petitioner's Motion to Remand are unsupported by affidavit." United Mutual's Reply Memorandum of Law at 2. Andujar did furnish affidavits in support of this account in her related federal suit. *See supra* note 3.

ment: "Further, your actions could jeopardize the landlord's eligibility under the applicable tax credit programs and subject it to penalties." *Id.* at 3. The Holdover Petition filed by United Mutual in Housing Court enumerated all of the allegations contained in the Notice. Petition ¶¶ 5, 10a–10j.

On January 29, 2002, Andujar filed an answer and demanded a Bill of Particulars specifying, *inter alia,* the governing statutes referred to in the Notice and Petition. 1/29/02 Respondent's Answer and Demand for a Bill of Particulars, attached to Notice of Removal ("Remov.Not."). United Mutual's Bill of Particulars cited "Section 42 of the United States Internal Revenue Code, and the Low Income Housing Tax Credit Program, Executive Order No. 135 dated February 27, 1990, 9 NYCRR Part 2040 and the United States Public Health & Welfare Law, Title 42, Chapters 8, 44 and 45 and the Low Income Housing Credit Regulatory Agreement." It further explained that "[t]he landlord's tax credit program would be jeopardized if it does not provide accurate information in its certification regarding the household compositions in the building. Tenant certifications are relied upon by the landlord." 3/26/02 Petitioner's First Bill of Particulars ¶¶ 3, 5; 4/18/02 Petitioner's Second Bill of Particulars ¶ 1 (collectively "Bill of Particulars"), attached to Remov. Not.

Andujar filed motions to dismiss and for summary judgment, which the Housing Court denied.[5] 3/20/02 Respondent's Motion to Dismiss; 4/12/02 Respondent's Motion for Summary Judgment, attached to Remov. Not.; Memorandum of Law in Support of Petitioner's Motion to Remand at 3; Resp. Mem. at 8. On May 7, 2002, she removed the case to this Court, asserting that United Mutual's Bill of Particulars

indicates that its holdover proceeding raises questions of federal law. Remov. Not. ¶ 2. The Notice of Removal explains:

> Since United Mutual's claim in this action is based on United's contention that the termination of Ms. Andujar's lease and subsequent · eviction were required by federal law in order to preserve United Mutual's federal tax credits, this action arises under federal law, and the resolution of United Mutual's claim will turn on a substantial questions [sic] of federal law, including, but not limited to (i) whether the federal laws relied on by United Mutual do in fact prohibit occupancy of the subject apartment by families including children of different sexes, and (ii) whether such an interpretation of federal law could be consistent with the Fair Housing Act's prohibition of discrimination based on familial status....

Remov. Not. ¶ 3.

Prior to removing the holdover proceeding to this Court, Andujar filed an action here against United Mutual and various co-defendants, alleging violations of the Fair Housing Act and other federal claims, state and local law violations, and intentional infliction of emotional distress. *See* 3/20/02 Complaint, *Andujar et al. v. Hewitt et al.,* No. 02 Civ. 2223. That action is still pending. In the interim, Cordero has returned to live with Andujar and her son.

## III. DISCUSSION

### A. The Motion to Remand

 "Simply including a federal issue in a state cause of action ... does not in itself warrant federal question jurisdiction. There must be a substantial federal question at issue, as opposed to a minor or

---

5. Andujar contends that the Housing Court denied both motions on technical grounds— lack of a supporting affidavit to accompany the first motion, and failure to notarize the declarations accompanying the second. Resp. Mem. at 8.

technical addition to a state claim." *See Briarpatch Ltd.*, 194 F.Supp.2d at 254–55 (citing *D'Alessio v. New York Stock Exch.*, 258 F.3d 93, 99 (2d Cir.2001)). Where the resolution of a federal law question is not essential to the plaintiff's right to relief, no removal jurisdiction exists. *See Arrey v. Beaux Arts II, L.L.C.*, 101 F.Supp.2d 225, 227 (S.D.N.Y.2000). Because the Lease made violation of the occupancy and notification rules grounds for termination, United Mutual did not—and in fact had no basis to—rely on federal law in bringing its suit. Indeed, on the face of the Petition, United Mutual bases its claim against Andujar on her alleged violation of the Lease terms, not on federal law.

Andujar contends, however, that the Petition's reference to "governmental rules and regulations," and the subsequent clarification provided in the Bill of Particulars, reveals federal questions warranting adjudication by this Court. Andujar's argument fails because it merely describes United Mutual's motive for seeking to evict her. In bringing this suit, United Mutual apparently seeks, among other things, to protect itself and its tax credits from regulatory upset. That concern does not convert the eviction proceeding into a federal case. *See Evans v. Sentry Prop. Mgmt.*, 852 F.Supp. 71 (E.D.Mass.1994) (holding that a housing authority's federal funding did not create federal question jurisdiction).

■ "An action 'arises under' a federal statute only if the plaintiff will prevail on one construction of the statute and fail on another." *Arrey*, 101 F.Supp.2d at 227. Here, the statute whose interpretation holds the key to the case is a state law:

RPAPL § 711(1). For a landlord to prevail in a summary holdover proceeding against a tenant, it must "by competent evidence establish to the satisfaction of the court that the tenant is objectionable." RPAPL § 711(1).[6] The statute requires that the lease expressly give the landlord the right to terminate the tenancy prior to the fixed date. *Id.* How the Housing Court applies the "objectionable" standard to the facts of this case and construes the relevant Lease provisions will determine whether United Mutual prevails against Andujar in the holdover proceeding.

Recognizing this, Andujar argues that the only basis on which United Mutual could expect to maintain its summary proceeding against her is by proving that she jeopardized its compliance with federal laws. Citing only secondary authority, she asserts that courts adhere to a high standard for finding tenants objectionable: "As a general rule, to make a tenancy objectionable, the use of the property by the tenant must be unwarrantable, unreasonable, or unlawful, to the annoyance, inconvenience, discomfort, or damage of another." 89 N.Y. Jur.2d Real Property § 16 at 343–44.[7] Reasoning that Cordero's presence was in no other way injurious to the landlord or fellow tenants, Andujar argues that only an infraction of federal occupancy rules could qualify her tenancy as objectionable. Andujar may or may not be correct, but that is a decision for the Housing Court to make in interpreting RPAPL § 711(1). *See Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 116, 57 S.Ct. 96, 81 L.Ed. 70 (1936) ("The most one can say is that a question of federal law is lurking in the background .... A dispute so doubtful and conjectural, too far removed

---

**6.** Andujar concedes that this state statute "creates Petitioner's cause of action." Resp. Mem. at 1.

**7.** This proposition derives from caselaw. *See Elliman v. Karlsen*, 59 Misc.2d 243, 298

N.Y.S.2d 594 (1969) (holding that child's drum practice did not rise to objectionable level so as to warrant family's eviction). But it is nonetheless unavailing.

from plain necessity, is unavailing to extinguish the jurisdiction of the states.").

The real issue in this case, then, is whether United Mutual can meet the statutory requirements for maintaining a summary holdover proceeding (as opposed to a regular eviction suit) against Andujar. *See Gonzalez v. Peterson*, 177 Misc.2d 940, 678 N.Y.S.2d 855, 856 (1998) ("A summary proceeding is a special proceeding governed entirely by statute and it is well established that there must be strict compliance with the statutory requirements to give the court jurisdiction") (quoting *MSG Pomp Corp. v. Doe*, 185 A.D.2d 798, 586 N.Y.S.2d 965, 966 (1st Dept.1992)), *aff'd*, 685 N.Y.S.2d 197 (1st Dep't 1999). However, absent express authorization by statute, federal courts cannot entertain summary proceedings. *See Glen 6 Assocs., Inc. v. Dedaj*, 770 F.Supp. 225, 228 (S.D.N.Y.1991). The Federal Rules of Civil Procedure provide no authorization for summary adjudication of landlord-tenant disputes, nor do any other statutes governing procedure in this district. "[T]he summary process filed by plaintiff could not have been brought here originally and as such, this court lacks subject matter jurisdiction. We find, therefore, that removal was improper ...." *Id.*

■ Furthermore, even if the instant case were not a summary proceeding, "it is well settled that the landlord-tenant relationship is fundamentally a matter of state law." *Hearn v. Lin*, No. 01–CV–8208, 2002 WL 720829, at *4 (E.D.N.Y. Feb. 14, 2002). Time and again, district courts

have disclaimed jurisdiction over landlord-tenant disputes and returned them to Housing Court. *See id.; see also Soms v. Aranda*, No. 00 Civ. 9626, 2001 WL 716945, at *1 (S.D.N.Y. June 26, 2001); *Arrey*, 101 F.Supp.2d at 227; *McAllan v. Malatzky*, No. 97 Civ. 8291, 1998 WL 24369, at *2–3 (S.D.N.Y. Jan. 22, 1998), *aff'd*, 173 F.3d 845 (2d Cir.1999); *DiNapoli v. DiNapoli*, No. 95 Civ. 7822, 1995 WL 555740, at *1 (S.D.N.Y. Sept. 19, 1995); *Glen 6 Assocs.*, 770 F.Supp. at 228. "It is appropriate for a federal court to abstain in landlord-tenant actions, as they involve complex questions of state law that bear on important state policy issues." *Soms*, 2001 WL 716945, at *1 (internal quotation marks and citation omitted). Accordingly, I find no basis to exercise jurisdiction over this case.[8]

## B. Motion for Costs

United Mutual also seeks to recover attorneys' fees and costs under 28 U.S.C. § 1447(c), which provides in pertinent part: "An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as the result of the removal." As the language itself indicates, the statute leaves the decision to award such costs to the Court's discretion, and courts frequently decline to do so. *See Prop. Clerk v. Fyfe*, 197 F.Supp.2d 39, 42 (S.D.N.Y.2002) ("district courts consider whether grounds for removal were 'substantial' or 'colorable,' even if ultimately unpersuasive"); *Bellido-Sullivan v. Amer. Int'l Group, Inc.*, 123

---

8. The Notice of Removal also points to 28 U.S.C. § 1443, which authorizes removal of civil rights cases. Though Andujar's related suit against United Mutual does allege federal civil rights violations, they bear on the instant matter only by way of defenses, which do not afford removal jurisdiction. *See The Holmes Group*, 535 U.S. at ———, 122 S.Ct. at 1893–94. Moreover, "[a]n enforcement proceeding may be removed pursuant to 28 U.S.C. § 1443(1) only if the defendants can show that the right upon which they rely is a right under a law providing for equal civil rights *and that this right will be denied or cannot be enforced in the courts of New York.*" *Carr v. Axelrod*, 798 F.Supp. 168, 172 (S.D.N.Y.1992) (emphasis added), *aff'd*, 996 F.2d 302 (2d Cir.1993). Andujar has made no such showing in this case.

F.Supp.2d 161, 169 (S.D.N.Y.2000) ("The court appreciates that removal … is a complicated and somewhat murky issue"); *Frontier*, 111 F.Supp.2d at 381 (noting that although bad faith is not a requirement for awarding costs and fees, the absence of bad faith weighs against such an award).

"We must apply a test of overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties." *Frontier*, 111 F.Supp.2d at 381 (quoting *Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir.1992)). Taking into account the nature of the litigation between the parties and the surrounding circumstances, United Mutual's motion to recover costs and fees is denied.

## IV. CONCLUSION

For the foregoing reasons, United Mutual's motion to remand is granted and its motion for attorneys' fees and costs is denied. The Clerk of Court is directed to send a certified copy of this order to the Clerk of the New York County Civil Court, and to close the case in this Court.

SO ORDERED.