Americo **SPAGNUOLO**, Plaintiff,

v.

The **PORT AUTHORITY OF NEW YORK AND NEW JERSEY**, Silverstein Properties, Inc., and Bovis Lend Lease, Inc., Defendants.

No. 02 Civ. 6360(AKH).

United States District Court, S.D. New York.

Oct. 22, 2002.

---

Linda M. Marino, Flemming, Zulack & Williamson, LLP, New York City, for Port Authority of New York & New Jersey, Silverstein Properties, Inc., Bovis Lend Lease Inc., Defendants.

### ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

HELLERSTEIN, District Judge.

Plaintiff Americo Spagnuolo brought suit in New York Supreme Court against the Port Authority of New York and New Jersey, Silverstein Properties, Inc., and Bovis Lend Lease, Inc. for injuries he sustained in December 2001, while working in the recovery and clean-up effort at the World Trade Center ("WTC") site. Defendants removed the case to this court. Pursuant to my decision in *Graybill v. City of New York and Port Authority of New York and New Jersey,* No. 02 Civ. 684, 2002 WL 31031655, at *1 (S.D.N.Y. Sept. 11, 2002), I ordered that Spagnuolo's case also should be remanded to the New York Supreme Court. (Order, Sep. 24, 2002.) Defendants have timely moved for reconsideration of my remand order, and I now deny their motion.

In *Graybill,* I held that federal jurisdiction did not lie, for the purpose of removal, where the complaint alleged breaches of duties arising from state statutes, and where plaintiff's injuries arose from activities and risks associated with construction sites generally. I noted that the complaint did not allege that plaintiff's injury arose from any special condition or risk inhering in the tasks of demolition, clean-up, and removal on the WTC site.

Spagnuolo's complaint alleges that on December 19, 2001, as he was doing recovery and clean-up work at the WTC site, an oxygen tank fell and struck him, causing severe and permanent injuries. He claims that because he was working as an employee of Evergreen Recycling of Corona under the direction of all three defendants, they owed him a duty to keep the work site in safe and proper condition, take safety measures, provide him with safe equipment, and supervise the work and

equipment such that the injuries were prevented. He also alleges that the defendants violated statutes requiring proper protection for laborers at the work site and that the equipment provided was inherently dangerous. On its face, the complaint brings action for violations of New York State Labor Laws §§ 200, 240, 241(6) (2002).

Defendants argue that the risks associated with demolition, clean-up, and removal of the collapsed WTC towers presented conditions and risks that were considerably graver than normal construction sites, that contractors operated under severe time pressures and without normal insurance coverage (and perhaps without any insurance coverage), and that the potential liability to the Port Authority and the owner of the WTC may be very substantial. They also argue that Congress intended to cause all such litigation against New York City, the Port Authority, and the owner to be brought exclusively in the United States District Court of the Southern District of New York.

 With rare exceptions, I must judge federal subject matter jurisdiction from the face of a properly pleaded complaint. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, ─ ─ ─, 122 S.Ct. 1889, 1893–94, 153 L.Ed.2d 13 (2002); *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 153–54, 29 S.Ct. 42, 53 L.Ed. 126 (1908) (articulating the well-pleaded complaint rule).

Because the well-pleaded complaint rule requires that the federal question appear in plaintiff's complaint, a case may not be removed to federal court on the basis of a federal defense that the defendant might possibly raise to defeat plaintiff's claim. Therefore, the well-pleaded complaint rule allows a plaintiff to foreclose federal jurisdiction by choosing to forgo a potential federal claim and to proceed solely under state law.

15 James Wm. Moore et al., Moore's Federal Practice ¶ 103.42 (3d ed.1997). Under 28 U.S.C. § 1331, federal courts have jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

 Removal of an otherwise non-federal claim is permitted only in the few instances of complete preemption by federal law. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–67, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (holding that Congress intended the civil enforcement provisions of section 502(a)(1)(B) of ERISA to apply to a beneficiary's attempt to recover benefits from a covered plan); *Avco Corp. v. Machinists*, 390 U.S. 557, 560, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (finding that section 301 of the Labor Management Relations Act preempts state law claims "for violation of contracts between an employer and a labor organization"). These exceptions have been construed narrowly by the U.S. Supreme Court. *See New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 661, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995) (ruling that ERISA cannot be read "as displacing all state laws affecting costs and charges on the theory that they indirectly relate to ERISA plans"); *Boys Markets, Inc. v. Retail Clerks Union*, 398 U.S. 235, 245, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970) (noting that "the congressional purpose embodied in § 301(a) [of the LMRA] was to supplement, and not to encroach upon, the pre-existing jurisdiction of the state courts"). Removal is not permissible if the state

cause of action in the complaint does not fall within the scope of the federal cause of action. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (concluding that state law claims alleging breach of employment agreement were not preempted, even though plaintiffs could have chosen to bring suit under section 301 of the LMRA); *Franchise Tax Bd.*, 463 U.S. at 27–28, 103 S.Ct. 2841.

■ This suit does not plead a federal cause of action nor facts warranting exclusive federal jurisdiction under section 408(b) of the Air Transportation Safety and System Stabilization Act of 2001, 49 U.S.C. § 40101 (2001). As in *Graybill*, the complaint does not allege that the plaintiff's injury arose from any special condition or risk linked to the tasks of demolition, clean-up, and removal on the WTC site. Thus, Spagnuolo's claims do not fall within section 408(b) and the jurisdictional requirements for removal under 28 U.S.C. § 1441 are not met.

Accordingly, I deny defendants' motion for reconsideration, and dissolve the temporary stay of remand ordered on October 11, 2002. The Clerk of the Court shall mark this matter closed.

SO ORDERED.