**AETNA HEALTH, et al., Plaintiffs,**

v.

**Marc KIRSHNER, et al., Defendants**

**No. CIV.3:05CV864 (JBA).**

United States District Court,
D. Connecticut.

Feb. 16, 2006.

---

Brock Thomas Dubin, Delaney, Zemetis, Donahue, Durham & Noonan Concept Park, Guilford, CT, for Plaintiffs.

Paula S. Bennett, William J. Gallitto, Gordon, Muir & Foley, Hartford, CT, Peter L. Truebner, Stamford, CT, for Defendants.

### *RULING ON MOTION TO REMAND [Doc. # 8]*

ARTERTON, District Judge.

Aetna Health, Inc., and Aetna Life Insurance (collectively "Aetna") filed this suit against defendants Mark Kirshner, a chiropractor, and several associated doctors and medical corporations (collectively "Kirshner"), in state court on June 9, 2004. Defendants answered and filed counterclaims against Aetna on May 11, 2005. By notice dated May 31, 2005 [Doc. # 1], Aetna removed the case to federal court, alleging that Kirshner's counterclaims were preempted by the Employee Retirement

Income Security Act ("ERISA"). Kirshner then moved to remand the case to state court [Doc. # 8]. For the reasons that follow, the motion to remand is granted.

## I. Factual Background

Aetna's complaint alleges that Kirshner fraudulently billed Aetna for services that should not have been billed. Aetna alleges that Kirshner, acting through his various health centers,

> ...engaged in a pattern and practice of (a) representing services as having been rendered or supervised by defendant medical doctors when defendant medical doctors in fact had not rendered or supervised such services; (b) misrepresenting the nature of procedures performed in order to obtain reimbursement ... whereas the procedures actually performed were not covered by the plans...; (c) misrepresenting that certain covered procedures were performed when they were not performed; (d) waiving or reducing member payments or co-pays in an effort to inflate billing.

Complaint ¶ 16 (Pet. for Removal [Doc. # 1] Ex. 2). Aetna asserts claims for breach of the Provider Agreement between Kirshner and Aetna (First Count); fraud (Second Count); unjust enrichment (Third Count); violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen.Stat. § 42–110a *et seq.* (Fourth Count); civil theft under Conn. Gen.Stat. § 52–564 (Fifth Count); violation of the Health Insurance Fraud Act, Conn. Gen. Stat. § 53–440 *et seq.* (Sixth Count); misrepresentation (Seventh Count); and conspiracy to commit fraud (Eighth Count).

Kirshner has denied the allegations in the complaint and made several counterclaims against Aetna. *See* Answer, Special Defenses and Counterclaims (Pet. for Removal Ex. 1). Kirshner asserts that he practiced in, and assisted other practices in establishing, a "multidisciplinary practice" that combined chiropractic and medical care in one place, with all care supervised by licensed medical doctors, and that it is standard practice for doctors to bill for services provided by associated staff members. He asserts that Aetna knew of this business model and his relationships with his patients and other medical organizations, and intentionally sabotaged these relationships by failing to process his patients' claims in a timely manner, contacting patients and telling them that Kirshner was having "problems," and making other misrepresentations to patients and other medical practitioners. Counterclaim ¶ 53. He makes counterclaims for tortious interference with business relationships (First Counterclaim); tortious interference with business expectancy (Second Counterclaim); breach of contract (Third Counterclaim); breach of the covenant of good faith and fair dealing (Fourth Counterclaim); CUTPA violations (Fifth Counterclaim); and malicious prosecution (Sixth Counterclaim).[1]

Aetna removed the case to federal court, arguing that Kirshner's counterclaims are preempted by ERISA because his claim for untimely payment requires him to show that his claims were for "medically necessary services" as defined in his patients' ERISA plan documents. Kirshner argues that his claim is not preempted by ERISA's civil enforcement provisions because he is not a "beneficiary" or "participant" in an ERISA plan as defined by 29

---

1. Kirshner labeled this his "Fifth Count," but it is the sixth counterclaim presented in his pleading.

U.S.C. § 1132(a)(1)(B), nor do his counterclaims "relate to" an ERISA plan.

## II. Standard

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." In the absence of diversity of citizenship,[2] the district court has original jurisdiction only if the case "arises under" federal law, pursuant to 28 U.S.C. § 1331. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The burden of establishing the existence of federal subject matter jurisdiction rests on the removing party. *United Mutual Houses, L.P. v. Andujar*, 230 F.Supp.2d 349 (S.D.N.Y.2002) (citing *Caterpillar*, 482 U.S. at 391–92, 107 S.Ct. 2425).

## III. Discussion

### A. Well–Pleaded Complaint Rule

■ "The presence or absence of federal-question jurisdiction [under § 1331] is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425. Thus "[t]he 'well-pleaded complaint rule' is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). This rule "makes the plaintiff the master of the claim; he or she may avoid federal juris-

diction by exclusive reliance on state law." *Id.*

■ As the Supreme Court has held, "federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Metropolitan*, 481 U.S. at 63, 107 S.Ct. 1542.

■ However, one "corollary" of the well-pleaded complaint rule is the "complete pre-emption doctrine," which holds that certain statutes have such extraordinary preemptive force that "any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan*, 481 U.S. at 63–64, 107 S.Ct. 1542; *Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425. Claims under § 301 of the Labor Management Relations Act and under the civil enforcement provisions of ERISA § 502 are, so far, the only types of claims to fall within this category. *Metropolitan*, 481 U.S. at 64, 66, 107 S.Ct. 1542; *Spagnuolo v. Port Auth. of N.Y. and N.J.*, 245 F.Supp.2d 518, 520 (S.D.N.Y.2002).

■ The ERISA preemption clause "is conspicuous for its breadth." *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 138, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) (quoting *FMC Corp. v. Holliday*, 498 U.S. 52, 58, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990)). If a plaintiff's claims are found to "relate to" an employee benefit plan regulated by ERISA, "even if the law is not specifically designed to affect such plans, or the effect is only indirect," *id.* at 139, 111 S.Ct. 478, the plaintiff's claims may be preempted and therefore removed to fed-

---

**2.** Complete diversity does not exist in this case because Aetna maintains its principal place of business in Connecticut and Kirshner and several other defendants are citizens of Connecticut. *See* Pet. for Removal ¶ 12; Complaint ¶¶ 2–14.

eral court on the basis of "arising under" jurisdiction.

### B. Removal of Counterclaims Generally

■ However, in this case the defendant has not sought removal of the plaintiff's complaint. Rather, Aetna seeks removal of Kirshner's counterclaims. This is a crucial distinction that both parties have ignored.

In *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826, 831, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002), the Supreme Court held that "a counterclaim—which appears as part of the defendant's answer, not part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." In that case, the plaintiff sought a declaratory judgment in federal court that it was not infringing on the defendant's trade dress, and the defendant counterclaimed for patent infringement. The district court ruled for the plaintiff and then the defendant appealed to the Federal Circuit. The Supreme Court held that the Federal Circuit lacked jurisdiction over the case because, despite the patent law counterclaims, the case did not "arise under" federal patent law. *Id.* at 829, 831, 122 S.Ct. 1889. In analyzing the question, the Supreme Court stated that the Federal Circuit's jurisdiction is coextensive with the federal district court's jurisdiction under 28 U.S.C. § 1338, providing for "original jurisdiction of any civil action arising under any Act of Congress relating to patents." It further held that "[t]he well-pleaded-complaint rule has long governed whether a case 'arises under' federal law. . . ." *Holmes Group,* 535 U.S. at 830, 122 S.Ct. 1889.

The Supreme Court "decline[d] to transform the longstanding well-pleaded-complaint rule into the well-pleaded complaint-*or counterclaim* rule" for three reasons.

*Id.* at 832, 122 S.Ct. 1889 (emphasis in original). First, "the plaintiff is the master of the complaint," and the plaintiff's right to choose the claims and the forum would be undermined if the defendant could simply remove the case by asserting a federal counterclaim. *Id.* at 831–32, 122 S.Ct. 1889. Second, allowing removal based on counterclaims would expand the number of removable cases and undermine respect for the independence of the state courts. *Id.* at 832, 122 S.Ct. 1889. Third, the well-pleaded complaint rule is quick and easy to administer and would be unnecessarily muddied if federal courts had to examine not only the face of the complaint but counterclaims as well. *Id.*

Although *Holmes Group* was concerned with federal patent law jurisdiction, the same reasoning applies with equal force to "arising under" jurisdiction under § 1331. The Supreme Court specifically held that "linguistic consistency requires [the court] to apply the same test" under § 1331 and § 1338, both of which utilize the phrase "arising under" federal law. *Holmes Group,* 535 U.S. at 830, 122 S.Ct. 1889.

Additionally, the same reasoning applies whether the case is originally brought in federal district court or removed pursuant to § 1441. *See Topeka Housing Auth. v. Johnson,* 404 F.3d 1245, 1247 (10th Cir. 2005) (Following *Holmes Group* and dismissing appeal of district court order remanding eviction case to state court, where defendant erroneously removed based on counterclaims for violation of Fair Housing Act and Americans with Disabilities Act); *Equitable Life Assur. Soc. v. Am. Nat'l Bank & Trust Co.,* No. 01C9974, 04C4285, 2004 WL 2211641 at *3 (N.D.Ill. Sept.30, 2004) ("It is clear from the discussion [in *Holmes Group* ] that it is based upon the strictures of the well-pleaded complaint rule, which applies to both the original and the removal jurisdiction of the

federal courts."). The removal statute merely provides for jurisdiction over any case that could have been brought initially under the federal court's original jurisdiction, and therefore if the federal court lacks original jurisdiction, it lacks removal jurisdiction as well.

The holding of *Holmes Group* has been extended beyond patent law to encompass a variety of counterclaims either asserted under federal law or alleged to be preempted by federal law. *See Topeka Housing Auth.* 404 F.3d at 1247 (FHA and ADA); *Salton, Inc. v. Philips Domestic Appliances,* 391 F.3d 871, 875 (7th Cir. 2004) (federal copyright law); *United Mutual Houses,* 230 F.Supp.2d at 353 (federal housing tax credit rules); *Cross Country Bank v. McGraw,* 321 F.Supp.2d 816 (S.D.W.Va.2004) (Federal Deposit Insurance Act); *Equitable Life,* 2004 WL 2211641 at *2–3 (federal securities laws).

### C. Removal of ERISA Counterclaim

There is no reason why the well-pleaded complaint rule should apply differently to a counterclaim allegedly preempted by ERISA. Aetna argues that a decision on Kirshner's counterclaim for delayed or denied payments under the Provider Agreement—breach of which Agreement Aetna also alleged against Kirshner in its initial state court complaint—is "inextricably intertwined" with the ERISA plan documents defining "medically necessary treatment," *see* Aetna Mem. in Opp. at 10, and therefore the exclusive federal jurisdiction provisions require this issue to be decided by the federal courts.

The Supreme Court has rejected a similar argument in the context of the Labor Management Relations Act:

It is true that when a defense to a state claim is based on the terms of a collective-bargaining agreement, the state court will have to interpret that agreement to decide whether the state claim survives. *But the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule*—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.

*Caterpillar,* 482 U.S. at 398–99, 107 S.Ct. 2425 (emphasis supplied). The Supreme Court also has held that the jurisdictional provisions in § 301 of the LMRA and § 502(a)(1)(B) of ERISA should be construed consistently because of their similar language. *Metropolitan,* 481 U.S. at 65, 107 S.Ct. 1542.

Thus, whether Kirshner's counterclaim may require the state court to "interpret" the terms of an ERISA plan document, *see* Aetna Mem. in Opp. at 6, is irrelevant because Kirshner's counterclaim is insufficient to create federal "arising under" jurisdiction.

### IV. Conclusion

Accordingly, Kirshner's Motion to Remand [Doc. # 8] is GRANTED for lack of subject matter jurisdiction, and the Clerk is directed to remand this case to the Connecticut Superior Court, Judicial District of Hartford.

IT IS SO ORDERED.